STATE OF NEBRASKA, APPELLEE, V. JACINTO OROSCO, APPELLANT.

260 N. W. 2d 303

Filed December 7, 1977. No. 41375.

Scott P. Helvie and Keith N. Bystrom, for appellant.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

Defendant was found guilty by a jury of operating or being in the actual physical control of a motor vehicle while under the influence of alcoholic liquor in violation of the provisions of section 39-669.07, R. R. S. 1943, and of refusing to submit to a chemical test of his blood, breath, or urine for the purpose of determining the alcoholic content of his body fluid in violation of the provisions of section 39-669.08 (4), R. R. S. 1943. The conviction under section 39-669.07, R. R. S. 1943, was in the information charged to be a third such offense and following the jury verdict the court found that it was a third offense. The defendant was fined $100, his operator's license was revoked, and he was sentenced to consecutive terms of 60 days confinement in the county jail for violation of section 39-669.08, R. R. S. 1943, and 1 to 3 years imprisonment in the Nebraska Penal and Correc-

tional Complex for violation of section 39-669.07, R. R. S. 1943.

On this appeal he argues four assignments of error: (1) The evidence is insufficient to support a conviction of operating or being in the actual physical control of a vehicle while under the influence of intoxicating liquor. (2) The evidence is insufficient to sustain the conviction for refusal to submit to the chemical test of his body fluids because the defendant was never offered the opportunity to take a preliminary breath test and the offering of such a test, if equipment is available, is a condition precedent to a valid arrest, and since there was no valid arrest there can be no conviction for refusal. (3) The evidence to support the conviction for a third offense of driving while intoxicated is insufficient because (a) the two prior convictions were constitutionally invalid for the reason that the pleas of guilty and nolo contendere entered therein are not shown to have been voluntarily and intelligently made, (b) a conviction founded upon a plea of nolo contendere cannot be used to support an enhanced penalty, and (c) a conviction for the offense of driving while intoxicated, third offense, cannot be supported unless there is shown to have been an earlier charge and conviction specifically for a second offense under the provisions of section 39-669.07 (2), R. R. S. 1943. (4) The District Court abused its discretion in not placing the defendant on probation and in imposing consecutive sentences.

The evidence in the record was sufficient to have permitted the jury to have found the following. On the eve of the offense charged, the defendant, at about the hour of 8 or 8:30 p.m., entered a bar in the City of Gothenburg where he remained until closing time at 12 midnight. During that period of time he consumed 6 to 12 "beers" [his own admission was 6, 7, or 8]. At the hour of about 12:30 a.m. he was found alone in the driver's seat of his automobile at

a point about 6 miles west of Gothenburg, Nebraska, slumped over the steering wheel. At that time the automobile was parked in the westbound lane of traffic, the key was in the ignition, the motor was running, the gear disengaged, and the lights were on. A police officer, who had been dispatched to the scene, stopped and parked his automobile behind that of the defendant. He then attempted to arouse the defendant by speaking to him through the open window and shaking him, but was unable to arouse him. The officer then opened the door of the automobile and shoved the defendant onto the passenger's side of the seat. When he did so an open can of beer, apparently held between the defendant's legs, was spilled. The officer then drove the car onto the shoulder of the highway. At that time the defendant was aroused and a short time later he got out of the automobile. At about that time another officer arrived. The defendant asked why he was being hassled and stated that he was on his way home. The defendant was uncooperative and refused to take a requested physical coordination test to check his sobriety. He was then placed under arrest and when asked to remove his wristwatch, which impeded the use of handcuffs, he removed it and threw it against the windshield of the car of one of the officers. Both officers detected alcoholic liquor upon the breath of the defendant. Each officer at trial, after appropriate foundation, expressed his opinion that the defendant was under the influence of alcoholic liquor.

The defendant denied that he had driven the automobile from the bar to the location where it was found. His story was that he left the bar with an acquaintance and a "hitchhiker" who was in the bar and had requested a ride westward. He stated that the hitchhiker drove the car, that they took the acquaintance to his home in Gothenburg, and then were proceeding westward on U. S. Highway No. 30

toward the defendant's place of residence when the driver stopped the car in order to leave it to urinate. Defendant testified that he was awake at all times. The officers arrived shortly after the driver departed the car. He did not return. The defendant's testimony that the hitchhiker was driving when they left the tavern parking lot was supported by the testimony of the acquaintance, the bar owner, and the bartender. The acquaintance also testified that the hitchhiker was still driving when the acquaintance was let out at his home in Gothenburg. The bartender, the bar owner, and the acquaintance testified that the hitchhiker left his canvas knapsack in the bar and that the bartender, noting this, took it to him before the car left the lot. This was verified by the testimony of the acquaintance. The arresting officer, who locked the car at the place where it was found and who later inventoried the car's contents after it was hauled to North Platte, testified that there was no knapsack in the car.

It is not for this court to weigh the evidence or determine the credibility of the witnesses. That was a matter for the jury. The operation or actual physical control of an automobile, under the provisions of section 39-669.07, R. R. S. 1943, may be established by circumstantial evidence. State v. Eckert, 186 Neb. 134, 181 N. W. 2d 264; State v. Webb, 78 Ariz. 8, 274 P. 2d 338. The evidence was circumstantially sufficient to support the jury finding of guilty.

We now examine the second assignment. The evidence, denied by the defendant, indicated that shortly after his arrest and while in custody in North Platte he was informed of the provisions of the implied consent statutes and was requested to give a blood or urine sample for testing. He refused. The State concedes and its testimony shows that no preliminary breath test was offered before the arrest although the officer had in his possession the necessary equipment.

The implied consent statute provides that any person who operates or has in his actual physical control a motor vehicle upon a public highway is deemed to have given his consent to a chemical test of his blood, breath, or urine for the purposes of determining the alcoholic content of his body fluid. § 39-669.08 (1), R. R. S. 1943. Subsection (2) of the statute allows any officer, who has authority to make arrest for traffic laws or ordinances, to require a person arrested "for any offense arising out of acts alleged to have been committed while the person was driving or was in the actual physical control of a motor vehicle while under the influence of alcoholic liquor" to submit to a chemical test of blood, breath, or urine for the purpose mentioned above when the officer has reasonable grounds to believe the person was driving, etc., while under the influence of alcoholic liquor. Subsection (3) of the foregoing statute provides that the law enforcement officer may require the operator "to submit to a preliminary test of his breath for alcoholic content if the officer has reasonable grounds to believe that the person has alcohol in his body, or has committed a moving traffic violation, or has been involved in a traffic accident." If the preliminary test indicates one-tenth of 1 percent alcohol content, then the statutes requires that the person be placed under arrest by the officer. Penalty for refusal to take the preliminary test is a fine. Subsection (4) of the statute prescribes the penalty for the refusal to submit to the chemical test of blood, breath, or urine required by subsection (2) of the above statute.

Section 39-669.14, R. S. Supp., 1976, provides in part as follows. "Any person arrested for any offense involving the operation or actual physical control of a motor vehicle while under the influence of alcoholic liquor shall be required to submit to a chemical test of his blood, breath, or urine as provided in section 39-669.08 *without the preliminary*

*breath test* if the arresting officer does not have available the necessary equipment for administering a breath test or if the person is unconscious or is otherwise in a condition rendering him incapable of testing by a preliminary breath test." (Emphasis supplied.)

The defendant argues that where equipment for a "preliminary" breath test is available at the scene, the offering of an opportunity for the preliminary test is a condition precedent to any arrest whatever and that no arrest is authorized without such offer. This contention is founded primarily upon the position that section 39-669.08 (3), R. R. S. 1943, is the only statute which authorizes arrest. He concludes therefore that the defendant's arrest was invalid and therefore the conviction for refusal to give a body fluid sample is not supported by the evidence.

It is clear that subsection (2) of section 39-669.08, R. R. S. 1943, requires that a person be placed under arrest before submission to the chemical test may be demanded. The effect of section 39-669.08 (3), R. R. S. 1943, is that the officer, without having placed a person under arrest, "may require" the operator to submit to a "preliminary test of his breath for alcohol content," and authorizes an arrest if the test discloses one-tenth of 1 percent of alcohol. It cannot be denied that the recital in section 39-669.14, R. S. Supp., 1976, earlier quoted, to wit, "without the preliminary breath test if the arresting officer does not have available the necessary equipment," seems to imply that somewhere in the earlier sections a preliminary breath test is mandated, otherwise there is no need for an "exception." The defendant argues that since, under the canons of construction, effect must be given to every part of a statute, the recital may not be disregarded, and the statute must be read as making the offering of a preliminary breath test mandatory. He cites Belgum v. City of Kim-

ball, 163 Neb. 774, 81 N. W. 2d 205, in support of this canon of construction.

It is clear enough that section 39-669.08, R. R. S. 1943, makes no requirement that a preliminary breath test be offered as a condition precedent to arrest. Taken by itself, section 39-669.08, R. R. S. 1943, is perfectly clear. An ambiguity or conflict arises only because of the implication from the recital contained in section 39-669.14, R. S. Supp., 1976. In such circumstances it becomes the obligation of this court to construe the statute and the principal objective in such case is to determine the legislative intention. Belgum v. City of Kimball, *supra;* Equal Opportunity Commission v. Weyerhaeuser Co., 198 Neb. 104, 251 N. W. 2d 730. In the latter case we said: "The legislative intention is to be determined from the general consideration of the whole act with reference to the subject matter to which it applies and the particular topic under which the language in question is found, and the intent deduced from the whole will prevail over that of a particular part considered separately."

There is no way the conflict in the statutes can be reconciled. If effect is to be given to the recital in section 39-669.14, R. S. Supp., 1976, then we must rewrite section 39-669.08, R. R. S. 1943, to make the giving of the preliminary breath test a condition precedent to arrest for any offense committed while driving an automobile while under the influence of intoxicating liquor. If we are not to rewrite that section then we must disregard the recital. The legislative history of section 39-669.08 (3), R. R. S. 1943, is helpful. In discussions on the floor of the Legislature, the test was always referred to in permissive terms such as "could" or "can." It also seems equally clear that the purpose of subsection (3) authorizing the preliminary test is to give the officer an optional tool to use in determining whether to make an arrest for the violations referred to in sub-

section (2). We hold that the offering of a preliminary test of the breath under section 39-669.08 (3), R. R. S. 1943, is not a condition precedent to an arrest "for any offense arising out of acts alleged to have been committed while the person was driving or was in actual physical control of a motor vehicle while under the influence of alcoholic liquor." § 39-669.08 (2), R. R. S. 1943.

The defendant's contention that, since the only specific direction contained in the implied consent statute is for refusal to take the preliminary test, there exist no other grounds for arrest is patently without basis. The arrest is made for violation of other criminal statutes, that is, "any offense arising out of acts alleged to have been committed while the person was driving or was in actual physical control of a motor vehicle while under the influence of alcoholic liquor." § 39-669.08 (2), R. R. S. 1943. The authority of the officer to make such arrest depends not upon the implied consent statute, but exists by virtue of the common law as codified in our statutes, to wit, sections 29-401 and 29-404.02, R. R. S. 1943. The defendant's position was explicitly rejected by this court in Stevenson v. Sullivan, 190 Neb. 295, 207 N. W. 2d 680.

At the hearing to determine whether the violation of section 39-669.07, R. R. S. 1943, was a third offense, the State offered certified copies of two previous convictions of the defendant for driving while intoxicated. Objection was made to the offers on the ground, among others, that the records did not show that the pleas entered on those occasions, to wit, guilty and nolo contendere, respectively, were voluntarily and intelligently made because they contain no statement indicating that the defendant was at that time informed of the penalty for the offenses to which he pled, nor that he was informed of his various constitutional rights. The judgments do show that the defendant was repre-

sented by counsel on both occasions. The objections were overruled.

A judgment of conviction may be proved by a certified copy thereof. §§ 27-902, 27-1005, R. R. S. 1943. The certified copies of the judgments were therefore clearly admissible under the rules of evidence. No affirmative allegation, written or oral, was made, nor is it asserted affirmatively in the brief that the pleas were not intelligently and voluntarily made. The whole basis of the objection is the claimed insufficiency of the record of conviction. The defendant's objections on the above grounds is the equivalent of a collateral attack upon these judgments. It is conceded that the convictions were not appealed and that the judgments did become final. It is not asserted or claimed that said judgments have been set aside in any collateral proceeding. The defendant did not himself take the stand to testify as to the pleas under which the convictions were found. No other witness was called for the purpose, nor were any offers of proof made by the defendant.

The defendant relies upon Boykin v. Alabama, 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274; Burgett v. Texas, 389 U. S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319; and United States v. Tucker, 404 U. S. 443, 92 S. Ct. 589, 30 L. Ed. 2d 592. In Boykin v. Alabama, *supra,* which was a direct appeal from the conviction, it was held that the voluntariness of a plea could not be determined from a silent record and the conviction was reversed. On a direct appeal presumably the entire record is before the court. In Burgett v. Texas, *supra,* the judgments of conviction used to support an enhanced sentence under the recidivist statute showed on their face that the defendant had not been represented by counsel and the court held that there was therefore a presumption that the judgments were void under Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799. United States v. Tucker, *supra,* was a proceeding to set

aside a sentence. Defendant Tucker in that case maintained his burden of proof by showing that two of the prior convictions relied upon in determining the sentence in the case before the court had been set aside in collateral attacks.

In the case before us, the judgments do not show on their face anything from which a presumption might arise that the pleas were involuntarily made. In one of the cases, certified copies of the docket entries were received. No such presumption arises from the contents of that exhibit.

When a defendant collaterally attacks a judgment, the burden of proof is upon him to show the grounds of the claimed invalidity. Johnson v. Zerbst, 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461; Hawk v. Olson, 326 U. S. 271, 66 S. Ct. 116, 90 L. Ed. 61; State v. McClelland, 194 Neb. 535, 233 N. W. 2d 786; State v. Halsey, 195 Neb. 432, 238 N. W. 2d 249; Burnside v. State, 346 F. 2d 88; Poindexter v. Wolff, 403 F. Supp. 723; Fugate v. Gaffney, 453 F. 2d 362.

We hold that where a defendant collaterally attacks the validity of a judgment of conviction by objection to receipt into evidence of a properly certified copy of that judgment which is not on its face invalid, he bears the same burden of pleading and proof that he bears when he seeks to attack that same judgment in either post conviction or habeas corpus proceedings. We can perceive no reason why he should be able to avoid that burden of proof merely by an objection to a record which is admissible under the applicable rules of evidence.

We assume, for purposes of this opinion, without expressly so deciding, that the defendant would be entitled to collaterally attack the judgment in this fashion. Some courts have held otherwise. See People v. Hendrick, 52 Mich. App. 201, 217 N. W. 2d 112.

The defendant made other objections to the judgments and his contentions with reference thereto

may be answered briefly. The defendant asserts that a conviction founded upon a plea of nolo contendere may not be used in another proceeding to support an enhanced sentence. He relies upon State v. Stone, 245 N. C. 42, 95 S. E. 2d 77. We decline to follow that precedent. Prior judgments are convictions even if founded upon pleas of nolo contendere. State v. Staples, 100 N. H. 283, 124 A. 2d 187. See, also, the cases cited in the annotation at 89 A. L. R. 2d, § 47, p. 610.

The two prior convictions were each charged as first offenses. The defendant contends that, before a third offense charge can be made, the defendant must first have been charged, convicted, and punished as a second offender under section 39-669.07 (2), R. R. S. 1943. He cites no authority for this proposition. We do not so read the statute. We hold that to be punished as a third offender, it is necessary only that the defendant be charged and found to have been twice previously convicted of driving while under the influence of intoxicating liquor.

We find in the record no basis for the claim that the court abused its discretion when it denied probation and imposed consecutive sentences. The defendant has numerous previous misdemeanor convictions, some involving violence and drunkenness.

AFFIRMED.