STATE OF NEBRASKA, APPELLEE, V. WILLIAM VOIGHT, APPELLANT.

295 N. W. 2d 112

Filed July 29, 1980.  No. 43003.

Dennis R. Keefe, Public Defender, Rodney J. Rehm, and George D. Green, for appellant.

Paul L. Douglas, Attorney General, and Linda A. Akers, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and COLWELL, District Judge.

COLWELL, District Judge.

Defendant, William Voight, was convicted of operating a motor vehicle while under the influence of alcoholic liquor (DWI).  He was sentenced as a third offender to a term of 20 months to 3 years imprisonment.  He appeals, assigning as error that proof of a prior misdemeanor conviction used to enhance his penalty was constitutionally infirm for failure to show his guilty plea was voluntarily made. We affirm.

Neb. Rev. Stat. § 39-669.07 (Reissue 1978) provided, in part:

> It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle while under the influence of alcoholic liquor . . . .  (1) If such conviction is for a first offense, such person shall be guilty of a Class IIIA misdemeanor . . . .

(2) if such conviction is for a second offense such person shall be guilty of a Class III misdemeanor . . . . and (3) if such conviction is for a third offense, or subsequent offense thereafter, such person shall be guilty of a Class IV felony . . . .

Certified copies of two prior DWI convictions of defendant were received in evidence over defendant's objection, as follows: (a) A misdemeanor conviction of defendant on April 22, 1976, in the municipal court of Lincoln, Lancaster County, Nebraska, on his plea of guilty to DWI, § 39-669.07, and a sentence of $300 fine and 10 days in jail, and (b) A third offense conviction of defendant in the District Court for Lancaster County, Nebraska, on January 10, 1978, upon trial to the court on a charge of DWI, § 39-669.07, and a sentence of 1 year imprisonment. Defendant does not challenge the authenticity of either certified record. Neither of these prior convictions had been set aside by direct appeal or collateral attack. Defendant testified without objection in support of his claim.

This appeal is similar to *State v. Orosco,* 199 Neb. 532, 260 N.W.2d 303 (1977), where the conviction was affirmed based on the proposition that defendant had not met his burden of proof as required in a collateral attack. However, we said, "We assume, for purposes of this opinion, without expressly so deciding, that the defendant would be entitled to collaterally attack the judgment in this fashion. Some courts have held otherwise. See People v. Hendrick, 52 Mich. App. 201, 217 N. W. 2d 112." *Id.* at 542, 260 N.W.2d at 309. That is the issue here, narrowed to enhancement of punishment proceedings under § 39-669.07 and, particularly, to the question of whether or not defendant in such proceedings can collaterally attack his 1976 misdemeanor conviction.

Defendant here follows the procedure in *Orosco* and collaterally attacks the 1976 municipal court

guilty plea conviction for the reasons that it does not show on its face either that the guilty plea was knowingly and intelligently made, or that he was informed of his right to a jury trial and to remain silent, and that he was not informed of his right to confrontation of witnesses, all of which he claims are required by *Boykin v. Alabama,* 395 U.S. 238 (1969); *United States v. Tucker,* 404 U.S. 443 (1972); *State v. Turner,* 186 Neb. 424, 183 N.W.2d 763 (1971); and *State v. Fowler,* 201 Neb. 647, 271 N.W.2d 341 (1978). The State asserts that *Boykin* does not apply to misdemeanors, citing *People v. Tomlinson,* 50 Mich. App. 655, 213 N.W.2d 803 (1973), *leave to appeal denied,* 391 Mich. 824 (1974). The question of minimum standards for guilty pleas in misdemeanor cases has not been settled in this state and, although it is closely related to the issue here, it is not determinative. Also to be considered is the rule that, absent a knowing and intelligent waiver, no person may be imprisoned for any offense unless he was represented by chosen or assigned counsel. *Argersinger v. Hamlin,* 407 U.S. 25 (1972); *Scott v. Illinois,* 440 U.S. 367 (1979).

The certified record of the 1976 conviction includes the complaint, and the trial judge's notes relating to arraignment, defendant's waiver of counsel, followed by an order appointing the public defender, defendant's entering his guilty plea with his counsel present, findings that a factual basis for the guilty plea existed, judgment of conviction, and sentence imposed.

The municipal courts are courts of record, Neb. Rev. Stat. § 26-101 (Reissue 1979), and transcripts of their records, duly certified, are evidence of the facts stated therein, Neb. Rev. Stat. §§ 26-110, 27-902, 27-1005 (Reissue 1979). Such certified records may be used to prove a judgment of conviction. See *State v. Orosco, supra.* Ordinarily, such a certified record imports absolute verity absent proof that the

same is incorrect. See *State v. Morford,* 192 Neb. 412, 222 N.W.2d 117 (1974).

Enhancement of penalty for recidivism has long been a recognized concept of the law of this state. See *Davis v. O'Grady,* 137 Neb. 708, 291 N.W. 82 (1940).

"Authorities differ as to whether the validity of a prior conviction relied on for the enhancement of the punishment for a later offense may be inquired into, and whether the invalidity of such prior conviction prevents its use for such purpose." 24B C.J.S. *Criminal Law* § 1961 (1962). We favor the rule followed in Wisconsin, "[T]he validity of former misdemeanor convictions cannot be collaterally attacked in a proceeding for additional punishment under the repeater statute on a subsequent misdemeanor conviction for the reason that the former convictions are valid until reversed. [Citation omitted.] Such prior misdemeanor convictions may not be subjected to collateral attacks. See *State v. Garcia* (1966), 3 Ariz. App. 194, 412 Pac. 2d 876, 265 Fed. Supp. 951 (involving *felony*)." *State ex rel. Plutshack v. H&SS Department,* 37 Wis. 2d 713, 727, 155 N.W.2d 549, 556 (1968) (emphasis in original).

In a proceeding pursuant to § 39-669.07 to hear and determine the issue of enhancement of penalty, where proof has been made of defendant's conviction of a prior misdemeanor violation of that statute, the defendant cannot then collaterally attack that prior misdemeanor conviction.

In making a record of guilty pleas in these cases, trial courts are urged to show compliance with *Argersinger v. Hamlin, supra.*

From a review of the record, the trial court properly found from all the evidence that defendant's 1979 conviction was his third offense. In addition, defendant could not collaterally attack his 1976 conviction.

AFFIRMED.

KRIVOSHA, C.J., concurs in result.