STATE OF NEBRASKA, APPELLEE, V. LEO J. KELLY,
APPELLANT.

321 N.W.2d 80

Filed June 25, 1982.  No. 81-796.

Dennis R. Keefe, Lancaster County Public Defender, and Jerry Soucie, for appellant.

Paul L. Douglas, Attorney General, and Ruth Anne E. Galter, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

The defendant-appellant, Leo J. Kelly, was charged with the offense of operating a motor vehicle while under the influence of alcoholic liquor, third offense.  He was found guilty by a jury, and following the District Court's determination that this was his third offense, Kelly was sentenced to a term of 1 year in an institution under the jurisdiction of the Nebraska Department of Correctional Services, ordered to pay the costs of this action, and ordered

not to drive a motor vehicle for 1 year from and after final discharge or confinement adjudged, whichever is later. He has appealed to this court challenging the validity of a prior misdemeanor conviction used to enhance his penalty, on the ground that the record of that conviction (1) fails to disclose that he was present at the time the guilty plea was entered, (2) fails to identify the attorney who entered the plea and fails to show he was authorized to do so, (3) fails to disclose a factual basis for the plea, (4) fails to show that the guilty plea was entered voluntarily, and (5) that the evidence was not sufficient to sustain the trial court's finding that he had twice been previously convicted of driving while under the influence of alcoholic liquor.

Neb. Rev. Stat. § 39-669.07 (Reissue 1978) provides in part: "It shall be unlawful for any person to operate or be in the actual physical custody of any motor vehicle while under the influence of alcoholic liquor . . . . (1) If such conviction is for a first offense, such person shall be guilty of a Class IIIA misdemeanor . . . (2) if such conviction is for a second offense such person shall be guilty of a Class III misdemeanor . . . and (3) if such conviction is for a third offense, or subsequent offense thereafter, such person shall be guilty of a Class IV felony . . . ."

The evidence admitted at the hearing consists of two certified copies of prior convictions of defendant for driving while intoxicated. The first exhibit, not challenged by defendant on appeal, consists of a third offense DWI charge on January 2, 1975. The record reflects that Kelly pled guilty to the charge and was subsequently placed on probation for a period of 3 years. Exhibit 2 consists of defendant's May 25, 1973, conviction in the Lincoln Municipal Court on a driving while intoxicated offense. He was sentenced to 30 days in jail and ordered not to drive any motor vehicle for a period of 6 months.

We determine that the allegations of error raised

by the defendant are not meritorious. Defendant does not challenge the authenticity of the certified records admitted by the trial court; rather, his objection raises a collateral attack upon the judgment rendered in the municipal court. In *State v. Voight,* 206 Neb. 829, 831-32, 295 N.W.2d 112, 114 (1980), this court stated: "The municipal courts are courts of record, Neb. Rev. Stat. § 26-101 (Reissue 1979), and transcripts of their records, duly certified, are evidence of the facts stated therein, Neb. Rev. Stat. §§ 26-110, 27-902, 27-1005 (Reissue 1979). Such certified records may be used to prove a judgment of conviction. See *State v. Orosco,* [199 Neb. 532, 260 N.W.2d 303 (1977)]. Ordinarily, such a certified record imports absolute verity absent proof that the same is incorrect. See *State v. Morford,* 192 Neb. 412, 222 N.W.2d 117 (1974)." See, also, *State v. Marlenee,* 199 Neb. 543, 259 N.W. 923 (1977), in which we held that an authenticated record establishing a prior conviction of a defendant with the same name is prima facie sufficient to establish identity and, in the absence of any denial or contradictory evidence, is sufficient to support a finding by the court that the accused has been convicted prior thereto.

Furthermore, in *State v. Voight, supra,* we cited the rule that the validity of former misdemeanor convictions cannot be collaterally attacked in a proceeding for additional punishment under the repeater statute on a subsequent conviction, for the reason that the former convictions are valid until reversed. Under § 39-669.07, where proof has been made of defendant's conviction of a prior misdemeanor violation of that statute, the defendant cannot raise a collateral attack upon that conviction.

For these reasons we conclude that the instant appeal is frivolous and the decision of the trial court must be affirmed.

AFFIRMED.