STATE OF NEBRASKA, APPELLEE, V. PAUL L. SMITH,
APPELLANT.

329 N.W.2d 564

Filed February 4, 1983. No. 81-672.

Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and MORAN, D.J.

HASTINGS, J.

The defendant, Paul L. Smith, was found guilty by the District Court of third offense driving while intoxicated, a violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1978), and sentenced accordingly. He has appealed to this court and assigns as error the reception into evidence, for enhancement purposes, of certified copies of two prior driving-while-intoxicated convictions. These transcripts of judgment failed to

disclose whether, at the time of such convictions, the defendant was either represented by counsel or had waived the right to counsel.

There is no question concerning the basic conviction which resulted from a jury trial. However, at the hearing to determine whether or not the conviction was a third offense, the only things offered in evidence were two Omaha Municipal Court form transcripts of judgment which indicated the defendant had pleaded nolo contendere in each instance and upon "trial" was found guilty. One offense was in 1972 and the other in 1973. As we have stated above, nothing appears on either transcript to show if the defendant was represented by counsel or if he had waived such representation.

In *State v. Tweedy,* 209 Neb. 649, 654-55, 309 N.W.2d 94, 98 (1981), we said: "[N]o defendant may be imprisoned for any offense . . . absent a knowing and intelligent waiver of his rights . . . . That means that such defendants are entitled to be informed of the nature of the charges against them, the *right to assistance of counsel* . . . . A voluntary and intelligent waiver of these rights must *affirmatively appear from the record.*" (Emphasis supplied.)

By per curiam opinion in *Baldasar v. Illinois,* 446 U.S. 222, 100 S. Ct. 1585, 64 L. Ed. 2d 169 (1980), the Supreme Court held that an uncounseled misdemeanor conviction may not be used to enhance the penalty and convert a subsequent misdemeanor into a felony with a prison term. The concurring opinion of Mr. Justice Marshall perhaps best explains the rationale of the Court. " '[I]ncarceration was so severe a sanction that it should not be imposed as a result of a criminal trial unless an indigent defendant had been offered appointed counsel to assist in his defense,' [citation omitted].

"That petitioner has been deprived of his liberty 'as a result of [the first] criminal trial' could not be clearer. If it had not been for the prior conviction, petitioner could not have been sentenced to more

than one year for the present offense. . . .

"... It [the subsequent sentence] was imposed as a direct consequence of that uncounseled conviction and is therefore forbidden under *Scott* and *Argersinger*.

"We should not lose sight of the underlying rationale of *Argersinger,* that unless an accused has 'the guiding hand of counsel at every step in the proceedings against him,' [citation omitted] his conviction is not sufficiently reliable to support the severe sanction of imprisonment. [Citation omitted.] An uncounseled conviction does not become more reliable merely because the accused has been validly convicted of a subsequent offense. For this reason, a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute." *Id.* at 226-28.

We recognize that in *State v. Voight,* 206 Neb. 829, 295 N.W.2d 112 (1980), we held that in a proceeding to show a prior conviction for the purpose of enhancing the penalty in a subsequent conviction, where proof has been made of the defendant's prior conviction, the defendant cannot then collaterally attack that earlier conviction. However, such holding seems to run squarely contrary to the rule laid down in *Baldasar.*

Additionally, we said in *State v. Orosco,* 199 Neb. 532, 260 N.W.2d 303 (1977), that when a defendant collaterally attacks a judgment of conviction the burden is upon him to show the grounds of the claimed invalidity *if it does not show upon the face of the record.* However, in *Burgett v. Texas,* 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967), the Supreme Court was faced with a situation similar to that of the case here. In a Texas prosecution an attempt was made to utilize a prior Tennessee conviction, the transcript of which failed to show whether the defendant had been represented by counsel or

whether counsel had been waived. The Court said: "In this case the certified records of the Tennessee conviction on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding, and therefore that his conviction was void. Presuming waiver of counsel from a silent record is impermissible. [Citation omitted.] To permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case." *Id.* at 114-15.

In *Voight* and *Orosco* our choice of words was unfortunate. We agree that in an enhancement proceeding, a defendant should not be able to relitigate the former conviction, and to that extent such conviction cannot be collaterally attacked. However, under the present circumstances, the burden remains with the State to prove the prior convictions. This cannot be done by proving a judgment which would have been invalid to support a sentence of imprisonment in the first instance. *Baldasar v. Illinois, supra.* Where a record is silent as to a defendant's opportunity for counsel, we may not presume that such rights were respected. *Burgett v. Texas, supra; State v. Tweedy, supra.* A defendant's objection to the introduction of a transcript of conviction which fails to show on its face that counsel was afforded or the right waived does not constitute a collateral attack on the former judgment. The objection should have been sustained. To the extent that *Voight* and *Orosco* conflict with this holding, they are overruled.

The judgment of the District Court is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.