STATE OF NEBRASKA, APPELLEE, V. VINCENT VAINIUNAS, APPELLANT.

331 N.W.2d 522

Filed March 25, 1983. No. 81-819.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Martel J. Bundy, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

The defendant was convicted of third offense

driving while under the influence of intoxicating liquor and sentenced to 1 to 3 years' imprisonment. He has appealed and contends the sentence was excessive and that a prior conviction relied upon by the State was invalid for enhancement purposes.

In *State v. Smith, ante* p. 446, 329 N.W.2d 564 (1983), we held that the record of a conviction used for enhancement purposes in a prosecution for third offense driving while intoxicated must show on its face a voluntary and intelligent waiver of the right to counsel or that the defendant was represented by counsel.

At the enhancement proceeding the State introduced records of convictions in 1972 and 1978. Objection was made only to the record of the 1972 conviction.

The judgment in the 1972 case, dated September 1, 1972, recites: "Now, on this day, comes the City Prosecutor on behalf of the State of Nebraska and defendant, Vincent Vainiunas, is represented in court."

The appearance docket sheet for that case lists "Lawrence I. Batt" as attorney for the defendant. We think this is a sufficient showing on the record of that case that the defendant was represented by counsel in the District Court.

An additional record of the District Court entitled "Criminal Docket-Appeal Cases" contains several entries under the date of the judgment, some of which are lined out or partially lined out. The entries consist of rubber stamp impressions, with blanks filled in by writing. One such entry indicating sentence was deferred has the name "Batt" written in the blank for the name of defendant's counsel. This entry is crossed out, presumably because sentence was not deferred but was imposed on that date.

Another entry showing sentence was imposed contains no reference or showing as to whether defendant was represented by counsel. We do not think

these entries conflict with the judgment and the appearance docket.

The defendant is 65 years of age. He has six previous convictions for driving while intoxicated. On three other occasions the charges were dismissed or reduced. The sentence imposed was not excessive.

The judgment is affirmed.

AFFIRMED.