STATE OF NEBRASKA, APPELLEE, v. ROBERT E. TONGE, APPELLANT.

350 N.W.2d 571

Filed June 22, 1984. No. 83-856.

James P. Miller and Owen A. Giles, for appellant.

Paul L. Douglas, Attorney General, and Dale A. Comer, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The appellant, Robert E. Tonge, appeals from a

judgment and order entered by the district court for Sarpy County, Nebraska, finding Tonge guilty of driving while intoxicated, third offense. The trial court sentenced Tonge to imprisonment for a term not to exceed 5 years, a 1 year's suspension of his driving privileges, and ordered him to pay the costs of the action. Tonge assigns two errors. First, he maintains that the trial court failed to advise him of his right to challenge the constitutional validity of his prior convictions for driving while intoxicated and, second, that the trial court erred by accepting as evidence the two prior conviction "checklists" which had been prepared by the trial judges in each of the two earlier matters. We believe that the assignments are without merit and that the judgment and sentence of the trial court should be affirmed.

On June 11, 1982, a complaint was filed in the county court for Sarpy County, Nebraska. The complaint charged that on May 29, 1982, Tonge was operating a motor vehicle while under the influence of alcohol, in violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1978). The complaint further charged that Tonge had been convicted of similar offenses on January 9, 1978, and November 22, 1979, and therefore the offense charged in the complaint was the third offense of driving while intoxicated. Tonge waived preliminary hearing in the county court and was bound over for trial in the district court. An information was filed in the district court for Sarpy County, Nebraska, on April 28, 1983, charging that on May 29, 1982, Tonge was operating a motor vehicle in violation of § 39-669.07. The information further charged that Tonge had previously been convicted at least twice of driving while intoxicated, in violation of § 39-669.07.

On May 20, 1983, Tonge appeared for arraignment in the district court with counsel and, after the court explained to Tonge all of his constitutional rights, including the nature of the offense and the possible punishment then in effect, entered a plea of not

guilty, and the case was set for trial. On July 12, 1983, Tonge again appeared in district court with his counsel and withdrew his plea of not guilty and entered a plea of guilty. Before entering his plea of guilty, Tonge was again informed by the trial court of the possible maximum penalty and the consequences of being a convicted felon, as well as all of his constitutional rights. Following Tonge's guilty plea, the trial court once again inquired as to whether Tonge understood that by entering a plea of guilty he was waiving any technical defenses, as well as waiving his constitutional rights to a trial, to confront and cross-examine witnesses, to remain silent, his presumption of innocence, and the obligation of the State to prove guilt beyond a reasonable doubt. The trial court also explained again to Tonge the possible sentences for the crime. The prosecution was then asked to set forth a factual basis. The prosecution provided the court with the factual basis for the conviction, including the fact that when arrested Tonge had a blood alcohol content of .294. Because of some concern as to whether the test was correct, a second test was performed sometime later, producing a test result of .249, both of which are far in excess of the legal limits. The prosecutor then introduced in evidence certified copies of the two prior convictions relied upon for enhancement purposes. The court asked Tonge's counsel if he was satisfied with the plea. Tonge's counsel responded affirmatively. The court then asked Tonge if there had been any promises, threats, or force persuading him to plead. Tonge responded, "No, sir." The court then accepted the plea and found Tonge guilty of third offense driving while intoxicated, a Class IV felony, punishable by up to 5 years' imprisonment.

Exhibit 1, offered in evidence, consisted of three pages certified to by the deputy clerk of the county court for Sarpy County, Nebraska. The first page was a criminal complaint showing that Tonge had

been charged on January 9, 1978, with driving while intoxicated. The second sheet was a checklist filled in and signed by the trial judge. The checklist indicates that at the initial hearing held on September 20, 1978, defendant was present and that the court explained to him his right to counsel. The checklist indicated that he did not request counsel because, according to the checklist, Tonge "has funds to hire own attorney." Notwithstanding an explanation of his constitutional rights, the checklist discloses that at the arraignment he waived counsel. The checklist further indicates that he entered a plea of guilty to the charge and was placed on probation. Exhibit 2 also consists of three pages certified to by the deputy clerk of the county court. The first page consists of a criminal complaint charging Tonge with driving while intoxicated on November 22, 1979. The checklist, which is the second page, indicates that the defendant was represented by counsel.

Before proceeding to consider the assignments of error, it is necessary for us to determine the statutory law to be applied in this case, § 39-669.07 as it existed before July 17, 1982, or on and after July 17, 1982. The incident leading to Tonge's conviction occurred on May 29, 1982, and the complaint was filed on June 11, 1982. Changes in § 39-669.07, altering the penalty for driving while intoxicated, third offense, became effective on July 17, 1982. Therefore, the statute became effective after the incident occurred. In *State v. Peiffer*, 212 Neb. 864, 326 N.W.2d 844 (1982), this court dealt with this precise question and held that the new penalties were not applicable to offenses committed prior to the effective date of the act. For this reason we believe that the provisions of § 39-669.07, as they were prior to July 17, 1982, are applicable in this case.

Turning, then, to Tonge's first assignment of error, that the court erred in not advising him that he had a right to challenge the constitutional validity of his prior convictions, we point out that prior to

July 17, 1982, the statute did not grant to a defendant the right to challenge the validity of prior convictions. Furthermore, it would appear that even after July 17, 1982, one's right to challenge the validity of a prior conviction is somewhat limited. Section 39-669.07 (Cum. Supp. 1982) provides in part: "The defendant shall be given the opportunity to review the record of his or her prior convictions, bring mitigating facts to the attention of the court prior to sentencing, and make objections on the record regarding the validity of such prior convictions." In *State v. Ziemba*, 216 Neb. 612, 620, 346 N.W.2d 208, 214 (1984), we said that under the amended provisions of § 39-669.07 "the trial court is required to advise the defendant that he has a right to review the record of the prior conviction, bring mitigating facts to the attention of the court prior to sentencing, and object to the validity of the prior conviction as provided in § 39-669.07." We note, however, that prior to July 17, 1982, the statute made no such provision, and the court, therefore, was not required to so advise the defendant. In *State v. Ziemba, supra* at 620, 346 N.W.2d at 214, we said further:

The defendant, however, cannot relitigate the former conviction in the enhancement proceeding. *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983). After being advised of his rights under § 39-669.07, the defendant may waive any or all of those rights. The trial court may then impose sentence or order that a presentence investigation be made.

Prior to July 17, 1982, the defendant did not have the right to be advised of his opportunity to bring mitigating facts to the attention of the court or to object to the validity of a prior conviction. Therefore, the trial court's failure to so advise did not constitute error. We would note, however, that while § 39-669.07, prior to July 17, 1982, did not impose upon the trial court the obligation to advise the defendant of his right to object, that, in fact, in the instant case

the trial court inquired of Tonge's counsel whether he was satisfied with the plea. Furthermore, both exhibits were offered in evidence without objection in the presence of both Tonge and his counsel and objected to for the first time on appeal to this court. The record clearly establishes that Tonge was repeatedly advised of his constitutional rights and, with such knowledge and under the advice of counsel, waived those rights and knowingly, intelligently, and freely entered a plea of guilty.

Tonge argues to this court that in *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983), we adopted the rule set out by the U.S. Supreme Court in *Baldasar v. Illinois*, 446 U.S. 222, 100 S. Ct. 1585, 64 L. Ed. 2d 169 (1980). With that we have no quarrel, for, indeed, we have held that the defendant may not be subject to enhanced punishment by the use of constitutionally invalid prior convictions. However, an examination of the record in this case fails to disclose any such constitutionally invalid conviction. Therefore, even if Tonge was entitled to be advised of his right to contest the prior convictions, the record establishes such contest would have been without merit. With regard to one of the two prior convictions, the record is clear that Tonge was represented by counsel and cannot now collaterally attack and relitigate the former conviction. See *State v. Smith, supra.* And with regard to the second conviction it is likewise clear from the record that Tonge was advised of his rights and knowingly, freely, and voluntarily waived those rights and entered a plea of guilty. As we earlier noted, the checklist prepared by the trial court provides that at the initial hearing held on September 20, 1978, Tonge was present, the complaint was read to him, and he was advised of his right to counsel. The record then reads, "Requested counsel no . . . has funds to hire own attorney." Again, at the arraignment, also held on September 20, 1978, the checklist clearly indicates that the defendant's constitutional rights

were explained, that he understood his rights, and that he waived right to counsel. The checklist then sets out in the court's own hand, "Oct. 20, 1978 - Sentencing - Defendant appeared personally, waived counsel and presence of Co. Atty - P.O. Frank Reavis appeared - Parties appeared - Probation - See Order." It is difficult to understand how it thus can be said to be a silent record. The checklists in both cases fully comport with the requirements established in *State v. Ziemba, supra,* and were not in any manner invalid. The failure of the trial court to specifically advise Tonge that he had a right to challenge the validity of the previous convictions was not error, and the first assignment must be overruled.

Tonge's second assignment of error is to the effect that the court erred by accepting the checklists because, although they bore a docket and page number and the signature of a judge of that court and a certificate authenticating the validity of the document, signed by a deputy clerk of the county court, the copies introduced in evidence did not bear a filing stamp of the clerk. We may easily dispose of this contention. No objection was made at trial to the introduction of the documents. When these exhibits were introduced, not only did counsel fail to object, but the trial judge asked defense counsel if there were any objections, to which counsel responded, "No." In order for a defendant to contend that a trial court erred in the admission of evidence, he must object to the admission at the time the evidence is introduced at trial. See, *State v. Tomrdle,* 214 Neb. 580, 335 N.W.2d 279 (1983); *State v. Holland,* 213 Neb. 170, 328 N.W.2d 205 (1982). More specifically, where counsel for a party specifically states in the trial court that he has no objection to the introduction of certain documents, he cannot on appeal urge that they were improperly certified or authenticated and, for that reason, not admissible. See *State v. Bundy,* 181 Neb. 160, 147 N.W.2d 500 (1966).

Furthermore, even if we were to consider the absence of the filing stamp, the document as prepared would not be inadmissible in evidence. Neb. Rev. Stat. § 25-1285 (Reissue 1979) provides:

A judicial record of this state, or of any other federal court of the United States, may be proved by the producing of the original, or by a copy thereof, certified by the clerk or the person having the legal custody thereof, authenticated by his seal of office, if he have one.

Tonge has cited us to no authority, nor are we able to find any authority, to the effect that the absence of the filing stamp on the certified document offered in evidence renders the document inadmissible. The fact that a clerk may be required to place a filing stamp upon an original document does not mean that a copy prepared and certified for introduction in evidence must also bear the filing stamp. The second assignment must be overruled.

We make mention of one other fact. During the course of oral argument before this court, counsel for Tonge kept referring to the fact that Tonge was incarcerated for a period of 5 years. In fact, the sentence imposed by the trial court is imprisonment for a period not to *exceed* 5 years. Under the provisions of Neb. Rev. Stat. § 83-1,105 (Reissue 1981), where a definite term of years is imposed as a sentence, "the maximum term of the sentence shall be the term imposed by the court and the minimum term shall be the minimum sentence provided by law." A Class IV felony has a maximum of 5 years and no minimum. Therefore, the moment that Tonge entered the penitentiary, he was eligible for parole, and the sentence imposed is a sentence of 0 to 5 years. In view of the fact that the assignments of error have been overruled, the judgment and sentence of the trial court must be affirmed.

AFFIRMED.

CAPORALE, J., participating on briefs.