STATE OF NEBRASKA, APPELLEE, V. RONALD E. REIMERS,
APPELLANT.
496 N.W.2d 518

Filed March 5, 1993.    No. S-92-206.

Gerard A. Piccolo, Hall County Public Defender, for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

SHANAHAN, J.

Pursuant to Neb. Rev. Stat. § 24-1107 (Cum. Supp. 1992), this court has granted Ronald E. Reimers' petition for further review of the Nebraska Court of Appeals' summary affirmance of Reimers' conviction and enhanced sentence for

drunk driving (DUI), that is, operating a motor vehicle while he was under the influence of alcoholic liquor, a violation of Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1990). The primary appellate question is whether the evidence before the sentencing court established that Reimers' prior plea-based DUI conviction in 1982 was constitutionally valid for the purpose of enhancing the penalty for Reimers' DUI conviction in 1992.

## STANDARD OF REVIEW

A sentencing court's determination whether a defendant's prior conviction, based on a plea of guilty, is constitutionally valid and, therefore, available to enhance a penalty for a subsequent conviction is analogous to a ruling on a motion to suppress evidence that is constitutionally inadmissible.

> In determining the correctness of a trial court's ruling on a motion to suppress evidence claimed to be constitutionally inadmissible, an appellate court will uphold the trial court's findings of fact unless those findings are clearly erroneous. In reviewing a trial court's findings on a suppression motion, an appellate court recognizes the trial court as the "trier of fact" and takes into consideration that the trial court has observed witnesses testifying regarding such motion.

*State v. Thomas*, 240 Neb. 545, 547, 483 N.W.2d 527, 530 (1992). Accord, *State v. Childs, ante* p. 426, 495 N.W.2d 475 (1993); *State v. Coleman*, 239 Neb. 800, 478 N.W.2d 349 (1992).

Consequently, a sentencing court's determination concerning the constitutional validity of a prior plea-based conviction, used for enhancement of a penalty for a subsequent conviction, will be upheld on appeal unless the sentencing court's determination is clearly erroneous.

## BACKGROUND OF REIMERS' PRIOR CONVICTIONS

As a result of his having been in a traffic accident on July 19, 1991, Reimers was arrested for drunk driving. On October 30, the State filed an information against Reimers in the district court for Hall County, charging Reimers with (1) operating a motor vehicle during a period when his motor vehicle operator's license was revoked and (2) drunk driving. In its information against Reimers, the State alleged that Reimers had convictions

for DUI before the 1991 offense.

Reimers waived his right to a jury trial, and, on January 23, 1992, after a trial to the court, he was found guilty on both charges. At the sentence hearing and for the purpose of enhancing Reimers' sentence for the 1992 drunk driving conviction, the State offered exhibit 1, a certified copy of a complaint and journal entry in the county court for Hall County, Nebraska, reflecting that in 1985 Reimers was convicted of drunk driving and that Reimers had been convicted of drunk driving in 1979 and 1982. Exhibit 1 also reflected that Reimers was represented by counsel when Reimers entered his plea of guilty to the DUI charge on which he was convicted in 1985. However, exhibit 1 failed to disclose whether Reimers was represented by counsel, or waived his right to counsel, in either the 1979 or 1982 convictions.

Reimers objected to introduction of exhibit 1 in view of Neb. Rev. Stat. § 39-669.07(3) (Cum. Supp. 1990): "The defendant shall be given the opportunity to review the record of his or her prior convictions, bring mitigating facts to the attention of the court prior to sentencing, and make objections on the record regarding the validity of such prior convictions." Reimers' objection pointed out that exhibit 1, as a copy of the court record of Reimers' prior drunk driving convictions, failed to state or otherwise indicate that Reimers was represented by counsel, or that he waived his right to counsel, concerning the 1979 and 1982 convictions. The court overruled Reimers' objection to exhibit 1 which was received and used to enhance the penalty imposed as a result of Reimers' conviction under § 39-669.07(2)(c) (Cum. Supp. 1990), that is, the penalty for a DUI conviction when there is "a total of two or more times in the ten years prior to the date of the current conviction . . . ." The court sentenced Reimers to 90 days in the county jail, ordered Reimers to pay a $500 fine, and suspended the driver's license of Reimers for 15 years. The court also sentenced Reimers to 90 days in jail on the license revocation conviction.

In his appeal to the Nebraska Court of Appeals, Reimers requested reversal of his DUI conviction. At the State's request, the Nebraska Court of Appeals summarily affirmed Reimers' conviction and sentence. Reimers then requested further review

by this court on the issue whether his prior DUI convictions, reflected in exhibit 1, may be used to enhance the penalty for his 1992 conviction.

Concerning Reimers' prior DUI convictions, the 1979 conviction cannot be used for the enhancement of a penalty imposed for Reimers' 1992 conviction because the 1979 conviction is based on an offense that occurred more than 10 years before the 1991 incident and offense that led to Reimers' conviction for DUI in 1992. See § 39-669.07(2)(c) (Cum. Supp. 1990). See, also, *State v. Crane*, 240 Neb. 32, 480 N.W.2d 401 (1992) (the 10-year period of § 39-669.07(2)(c) is determined by and measured from the dates of the prior offenses, not the dates of the convictions for such prior offenses). Reimers was represented by counsel when Reimers, by his plea of guilty, was convicted of DUI in 1985. Thus, Reimers' 1985 DUI conviction was properly used as a prior conviction for the purpose of an enhanced penalty. Therefore, the crucial question is whether Reimers' 1982 conviction may be used to enhance the penalty imposed for Reimers' 1992 conviction.

## UNCOUNSELED GUILTY PLEAS AS A BASIS FOR ENHANCEMENT

U.S. Const. amend. VI states: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." Similarly, Neb. Const. art. I, § 11, provides: "In all criminal prosecutions the accused shall have the right to appear and defend in person or by counsel . . . ."

In *Burgett v. Texas*, 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967), the U.S. Supreme Court reviewed a conviction in Texas wherein the prosecutor introduced Burgett's prior Tennessee conviction, but the transcript for the Tennessee conviction failed to show whether Burgett was represented by counsel, or had waived his right to counsel, concerning that conviction. In holding that Burgett's Tennessee conviction could not be used under Texas' recidivist statute, the Court stated:

> *Gideon v. Wainwright*[, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963)] established the rule that the right to counsel guaranteed by the Sixth Amendment was

applicable to the States by virtue of the Fourteenth, making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one. And that ruling was not limited to prospective applications. See *Doughty v. Maxwell*, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650; *Pickelsimer v. Wainwright*, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41. In this case the certified records of the Tennessee conviction on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding, and therefore that his conviction was void. Presuming waiver of counsel from a silent record is impermissible. *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. To permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or enhance punishment for another offense (see *Greer v. Beto*, 384 U.S. 269, 86 S.Ct. 1477) is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right.

389 U.S. at 114-15, 88 S. Ct. at 261-62.

Later, in *Baldasar v. Illinois*, 446 U.S. 222, 100 S. Ct 1585, 64 L. Ed. 2d 169 (1980), a per curiam opinion, the U.S. Supreme Court held that an uncounseled misdemeanor conviction may not be used under an enhancement statute to convert a subsequent misdemeanor into a felony. Justice Marshall, in a concurring opinion joined by two other justices, said:

[U]nless an accused has "the guiding hand of counsel at every step in the proceedings against him," *Powell v. Alabama*, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932), his conviction is not sufficiently reliable to support the severe sanction of imprisonment. *Argersinger v. Hamlin*, [407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972)]. An uncounseled conviction does not become more reliable merely because the accused has been validly convicted of a subsequent offense. For this reason, a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains

invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute.

446 U.S. at 227-28, 100 S. Ct. at 1588.

Therefore, a prior conviction, based on a defendant's plea of guilty, but obtained in violation of the defendant's right to counsel, is unconstitutional and void and, consequently, cannot be used to enhance the sentence for the defendant's subsequent conviction.

In *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983), this court examined a prosecution and conviction for drunk driving and an enhanced penalty based on two prior drunk driving convictions. In *Smith*, the State failed to show that Smith was represented by counsel, or waived his right to counsel, concerning the two convictions used for enhancement. This court followed *Burgett* and *Baldasar*, set aside Smith's enhanced sentence, and remanded the case for resentencing with the following statement:

> [U]nder the present circumstances, the burden remains with the State to prove the prior convictions. This cannot be done by proving a judgment which would have been invalid to support a sentence of imprisonment in the first instance. [Citation omitted.] Where the record is silent as to a defendant's opportunity for counsel, we may not presume that such rights were respected. . . .

213 Neb. at 449, 329 N.W.2d at 566.

More recently, in *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992), we considered, as a matter of due process for the validity of a plea-based conviction, the use of a prior conviction for enhancement purposes when the record failed to show affirmatively that a defendant had been informed of constitutional rights concerning a guilty plea. The particular conviction in Wiltshire's case was his 1982 conviction for drunk driving. We stated in *Wiltshire*:

> The record from Wiltshire's 1982 conviction does not affirmatively disclose a voluntary and intelligent waiver of his rights as required by *Boykin*, *Tweedy*, and *Irish*. To an even greater degree than *Tweedy*, where we found the record insufficient to support the plea, the 1982 record

> fails to show any meaningful exchange between Wiltshire and his counsel or the trial judge. The record contains no evidence of Wiltshire's understanding of his plea or its voluntariness. Wiltshire's 1982 guilty-plea conviction does not conform to the *Boykin-Tweedy-Irish* requirements and is therefore constitutionally invalid.

241 Neb. at 823-24, 491 N.W.2d at 328. We continued in *Wiltshire* as follows:

> Like an uncounseled guilty plea, an un-*Boykinized* plea is also constitutionally invalid. *Boykin, supra.* The broad language used by the Supreme Court in *Burgett, supra,* and *Baldasar, supra,* implies that a proffered enhancement conviction based on an un-*Boykinized* plea is constitutionally challengeable. To hold otherwise would work a second constitutional violation on the defendant—by allowing an invalid conviction to serve as a predicate for a recidivist conviction.
>
> When the constitutionally invalid conviction is used for enhancement, the violation is effectively renewed. See *Burgett, supra.* Additionally, the use of an invalid conviction to satisfy the requirements of a recidivist statute results in a conviction based on insufficient evidence; i.e., the defendant is convicted without the State's having to prove the validity of the requisite underlying convictions.

241 Neb. at 824-25, 491 N.W.2d at 329.

In *Wiltshire*, we concluded that

> [t]here are, however, certain constitutional invalidities that automatically render the conviction too unreliable to be used for enhancement. Lack of counsel is such an invalidity. See *Burgett, supra* (holding invalid the use of an uncounseled conviction for enhancement). We have therefore held that the challenge of a prior conviction in which the record is silent as to whether counsel had been afforded or waived is not a collateral attack on the conviction. Such a challenge is permissible at the enhancement proceeding.

241 Neb. at 826, 491 N.W.2d at 329-30.

Consequently, in a proceeding for an enhanced penalty, when

the record of a defendant's prior conviction, based on the defendant's plea of guilty, does not affirmatively show that the defendant was represented by counsel, or that the defendant, having been informed of the right to counsel, did voluntarily, intelligently, and knowingly waive that right, the State has the burden to prove the constitutional validity of the defendant's prior plea-based conviction in relation to the defendant's right to counsel before the State may use the prior plea-based conviction for an enhanced penalty. Cf. *Parke v. Raley*, _____ U.S. _____, 113 S. Ct. 517, 121 L. Ed. 2d 391 (1992) (consistent with due process, a state may fashion and prescribe a procedure to determine the constitutional validity of a prior plea-based conviction used for the purpose of enhancement).

In the case now before us, the sentencing court used Reimers' 1982 conviction as one of the convictions to enhance the penalty imposed on Reimers, that is, the court used the 1982 conviction as one of the multiple convictions within the 10-year period prior to the 1991 offense which led to Reimers' 1992 conviction. See § 39-669.07(2)(c) (Cum. Supp. 1990). Yet, the record offered by the State concerning the 1982 conviction contains nothing that establishes or indicates that Reimers had counsel or waived his right to counsel in that conviction. Also, the State supplied no additional evidence at the enhancement hearing in Reimers' case to show that Reimers' 1982 conviction was constitutionally valid in relation to the right of counsel. Since we cannot presume a waiver from a silent record, see *State v. Nowicki*, 239 Neb. 130, 474 N.W.2d 478 (1991); *State v. Sherrod*, 229 Neb. 128, 425 N.W.2d 616 (1988); *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984), we are compelled to conclude that Reimers was convicted without counsel in 1982 and that Reimers was not informed of his right to counsel and, therefore, did not waive his right to counsel concerning his 1982 conviction for drunk driving. For that reason, Reimers' 1982 conviction is constitutionally invalid and unavailable for the purpose of an enhanced penalty. That leaves only the 1985 conviction as a basis for an enhanced penalty for Reimers' drunk driving conviction. However, as noted, the sentencing court, in imposing the enhanced penalty, had to have used either the 1979 conviction which is outside the 10-year

period of permissible use for enhancement, or the 1982 conviction which was obtained in violation of Reimers' constitutional right to counsel. Therefore, the enhanced sentence imposed on Reimers must be set aside.

Therefore, we affirm the judgment of the Nebraska Court of Appeals which affirmed Reimers' conviction for drunk driving, but we reverse the judgment of the Nebraska Court of Appeals which affirmed the enhanced sentence imposed on Reimers. Consequently, we remand this cause to the Nebraska Court of Appeals with direction to reverse the sentence imposed on Reimers and remand this cause to the district court for Hall County, Nebraska, for sentencing according to law.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTION.