STATE OF NEBRASKA, APPELLEE, V. JOHN L. AUSTIN, APPELLANT.

363 N.W.2d 397

Filed March 1, 1985.   No. 84-663.

Ronald Rosenberg of Rosenberg Law Offices, for appellant.

Norman Langemach, Jr., Lincoln City Prosecutor, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

On March 27, 1984, the Lincoln Police Department issued two complaints to the appellant, John L. Austin. The first complaint charged Austin with negligent driving, in violation of Lincoln Mun. Code § 10.32.220 (1984). The second complaint charged Austin with opposing, hindering, delaying, and interrupting a police officer in making an arrest, in violation of Lincoln Mun. Code § 9.12.040 (1984). Austin was arraigned on both complaints the following morning and entered pleas of not guilty to both charges. On April 16, 1984, following trial, Austin, who appeared pro se, was convicted and was fined $100 on each count. On appeal to the district court for Lancaster County, Nebraska, the judgments were affirmed, but the fines were reduced to $50 on each count. Austin now appeals to this court, maintaining that the district court erred in failing to find that Austin's constitutional rights were violated when he was not afforded an opportunity to have counsel appointed or did not knowingly and intelligently waive counsel. Austin also argues that the district court erred in failing to hold that he had been denied his statutory right to court-appointed counsel pursuant to Neb. Rev. Stat. § 29-1804.05 (Reissue 1979). We believe that both claims are without merit, and affirm.

The record in this case is clear that Austin was not imprisoned for any period of time but, rather, was only fined. In *Scott v. Illinois*, 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d 383 (1979), the U.S. Supreme Court was presented with a case nearly identical to the case at bar. In *Scott* the petitioner, an indigent without appointed counsel, was convicted of theft and fined $50. The conviction was affirmed by the Supreme Court of Illinois, despite Scott's contention that the sixth and fourteenth amendments to the Constitution of the United States required that Illinois provide trial counsel to him at no expense. Basically, Scott argued that a line of U.S. Supreme Court cases culminating in *Argersinger v. Hamlin*, 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972), required state provision of counsel whenever imprisonment was an authorized penalty, whether applied or not. In rejecting Scott's contention and affirming the judgment of the Supreme Court of Illinois, the U.S. Supreme Court said:

Although the intentions of the *Argersinger* Court are not unmistakably clear from its opinion, we conclude today that *Argersinger* did indeed delimit the constitutional right to appointed counsel in state criminal proceedings. Even were the matter *res nova*, we believe that the central premise of *Argersinger*—that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment—is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel. *Argersinger* has proved reasonably workable, whereas any extension would create confusion and impose unpredictable, but necessarily substantial, costs on 50 quite diverse States. We therefore hold that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense.

*Scott v. Illinois, supra* at 373-74.

In view of the fact that the record here makes it clear that no jail sentence was actually imposed, there was no requirement to appoint counsel under the sixth and fourteenth amendments to the Constitution of the United States.

Austin further argues that even if he is not entitled to counsel under the sixth and fourteenth amendments to the Constitution of the United States, he was entitled to counsel under the provisions of § 29-1804.05, which provides:

At a felony defendant's first appearance before a court without retained counsel, the court shall advise him of his right to court-appointed counsel if he is indigent.

If he asserts his indigency, the court shall make a reasonable inquiry to determine his financial condition, and may require him to execute an affidavit of his indigency. If the court determines him to be indigent, it shall formally appoint the public defender to represent him in all proceedings before the court, and shall make a notation of such appointment and appearances of the public defender upon the felony complaint. *The same*

*procedure shall be followed by the court in misdemeanor cases punishable by imprisonment.*

(Emphasis supplied.)

The difficulty with Austin's argument is that the record simply fails to support his claim. Although Austin was represented by counsel in the district court, neither ordinance of the city of Lincoln was offered in evidence, nor was the court asked to take judicial notice of the ordinances. The record in this case is silent as to which, if either, of the charges filed against Austin was punishable by imprisonment. All that we know from the record before us is that he was fined. This court will not take judicial notice of municipal ordinances not properly made a part of the record. As stated in *State v. Long,* 206 Neb. 446, 448, 293 N.W.2d 391, 393 (1980):

> The charges filed against the defendant are a part of the record, but the ordinances involved in the prosecution are not contained in the record. This court will not take judicial notice of a municipal ordinance which does not appear in the record. *State v. Korf,* 201 Neb. 64, 266 N.W.2d 86 (1978).

In order for us to determine that the provisions of § 29-1804.05 are applicable, we would have to assume that either of the charges was punishable by imprisonment. We refuse to make that assumption. Absent introduction of the ordinances into evidence, the provisions of § 29-1804.05 are wholly inapplicable. For these reasons we find that the decision of the district court was in all respects correct and should be affirmed.

AFFIRMED.