STATE OF NEBRASKA, APPELLEE, V. KEVIN G. DEAN, APPELLANT.
510 N.W.2d 87

Filed December 21, 1993.   No. A-93-064.

Dennis R. Keefe, Lancaster County Public Defender, and Scott P. Helvie for appellant.

Gerald F. Fisher, Lincoln City Prosecutor, for appellee.

SIEVERS, Chief Judge, and HANNON and MILLER-LERMAN, Judges.

MILLER-LERMAN, Judge. ﹒

As the result of a fight with his girl friend's former boyfriend, Kevin G. Dean, appellant, was charged with one count of assault in violation of Lincoln Mun. Code § 9.12.010 (1990). The penalty for assault for a violation of this section of the Lincoln Municipal Code is a fine of up to $500, imprisonment in the county jail for up to 6 months, or both. Dean pled not guilty. The case was tried to the county court for Lancaster County, during which Dean appeared pro se. Dean was convicted and received a fine of $350. At the sentencing, Dean

gave notice of his intention to appeal and requested appointment of counsel. Counsel was appointed on the appeal, and the case was affirmed by the district court for Lancaster County. This appeal followed. For the reasons recited below, we affirm.

## SCOPE OF REVIEW

■ Under Neb. Rev. Stat. § 25-2733 (Reissue 1989), in an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeal, and as such, its review is limited to an examination of the county court record for error or abuse of discretion. . . . Both the district court and the Nebraska Supreme Court generally review appeals from the county court for error appearing on the record.

*State v. Styskal*, 242 Neb. 26, 29, 493 N.W.2d 313, 316 (1992).

■ " 'Regarding a question of law, an appellate court has an obligation to reach a conclusion independent from a trial court's conclusion in a judgment under review.' " *Decker v. Combined Ins. Co. of Am.*, 244 Neb. 281, 283, 505 N.W.2d 719, 722 (1993).

## ANALYSIS

For his assignment of error, Dean claims that he was entitled to be represented by counsel at the county court trial and that the trial court's failure to obtain a knowing and intelligent waiver of his right to counsel was a violation of his rights guaranteed by the 6th and 14th Amendments to the U.S. Constitution and by article I, § 11, of the Nebraska Constitution. We do not agree.

■ The U.S. Supreme Court discussed in *Argersinger v. Hamlin*, 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972), the circumstances under which counsel was constitutionally required to represent criminal defendants. After a conflict developed among state and lower federal courts regarding application of *Argersinger* to misdemeanor cases, the Court granted certiorari to an Illinois case. See *People v. Scott*, 68 Ill. 2d 269, 369 N.E.2d 881 (1977), *cert. granted* 436 U.S. 925, 98 S. Ct. 2817, 56 L. Ed. 2d 767 (1978). In *Scott v. Illinois*, 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d 383 (1979), the Court affirmed the Illinois Supreme Court's judgment and held that "the Sixth

and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." 440 U.S. at 373-74. This holding has been specifically applied in Nebraska. *State v. Austin*, 219 Neb. 420, 363 N.W.2d 397 (1985). See, also, *State v. Porter*, 235 Neb. 476, 455 N.W.2d 787 (1990) (holding that a defendant's unrepresented prior conviction for giving false information resulting in a fine of $25 was valid and could therefore be used to impeach the defendant's credibility in a subsequent proceeding). Elsewhere, it has been succinctly observed that "Argersinger forbids imprisonment without representation. It does not forbid trial without representation." *Sweeten v. Sneddon*, 463 F.2d 713, 716 (10th Cir. 1972).

Dean concedes on appeal that because his county court trial resulted in a fine and not imprisonment, he was not entitled to court-appointed counsel. He claims that he was nevertheless denied assistance of counsel because the trial court failed to advise him of his right to retain private counsel and did not receive a knowing waiver of that right. We disagree.

In *People v. Scott, supra*, the defendant was charged with a theft for which the penalty under the criminal code was a fine, imprisonment of up to 1 year, or both. The defendant appeared pro se at trial and was at no time advised of a right to assistance of counsel or, if indigent, the right to have counsel appointed.

As in this case, the record in *People v. Scott* indicated that the defendant was indigent on appeal, but it was silent about his status at trial. The Illinois Supreme Court stated, "We are unpersuaded by defendant's argument that the mere possibility of incarceration upon conviction should trigger a defendant's constitutional right to counsel, for there exists no possibility of incarceration if counsel was not properly waived." *People v. Scott*, 68 Ill. 2d at 272, 369 N.E.2d at 882. The Illinois Supreme Court held that

> [s]ince the defendant was penalized only by fine, he was neither constitutionally nor statutorily entitled to have counsel present. The court was, therefore, under no obligation to obtain a waiver before proceeding to trial

without counsel and, hence, was under no obligation to advise the defendant of his right to counsel.

*People v. Scott*, 68 Ill. 2d at 274, 369 N.E.2d at 883.

Dean cites several Nebraska cases, not repeated here, for the proposition that a waiver of the right to counsel must affirmatively appear from the record. These cases are distinguishable from the case at bar because in each of the cases relied on by Dean, the criminal defendant was entitled to court-appointed counsel by virtue of being charged with a felony or because imprisonment was imposed; whereas because Dean was penalized only by fine, he was not entitled to court-appointed counsel. Cf. Neb. Rev. Stat. § 29-3901 et seq. (Cum. Supp. 1992).

## CONCLUSION

We conclude that Dean was a nonfelony criminal defendant who was penalized only by fine even though the penalty could have included imprisonment and that the trial court did not err in failing to advise him of his right to retain private counsel and obtain a waiver of counsel before trial.

AFFIRMED.