STATE OF NEBRASKA, APPELLEE, V. HUGH C. JACKSON, APPELLANT.

544 N.W.2d 379

Filed March 5, 1996.   No. A–95–045.

Thomas M. Kenney, Douglas County Public Defender, and Cheryl M. Kessell for appellant.

Don Stenberg, Attorney General, and David T. Bydalek for appellee.

SIEVERS, Chief Judge, and IRWIN and MUES, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Appellant, Hugh C. Jackson, pled guilty in the district court for Douglas County to the crime of shoplifting in an amount

less than $200. See Neb. Rev. Stat. §§ 28–511.01 (Reissue 1989) and 28–518 (Cum. Supp. 1994). At a subsequent enhancement hearing, the district court determined that Jackson was guilty of third–offense shoplifting, a felony. See § 28–518. Jackson objected to the use of two prior convictions for enhancement, contending the record failed to establish that he knowingly, intelligently, and voluntarily waived his right to counsel. On appeal, Jackson alleges the district court erred in using prior uncounseled convictions for enhancement and in imposing an excessive sentence. We find that Jackson's prior uncounseled convictions are constitutionally valid because he was not sentenced to terms of imprisonment for them, but, rather, was fined. Consequently, the prior convictions may be used to enhance the potential punishment for the present conviction. Additionally, we find that the sentence was not excessive. Accordingly, we affirm.

## II. FACTUAL BACKGROUND

Via an information, Jackson was charged in the district court for Douglas County with the crime of theft by shoplifting, third offense. The information alleged that he committed the crime of shoplifting on March 4, 1994, and that he had been convicted of similar charges on two prior occasions.

Jackson appeared with his court–appointed counsel and entered a plea of guilty to the underlying charge of misde-meanor shoplifting. Pursuant to a plea agreement, the State agreed to dismiss a separate charge of shoplifting, but reserved the right to enhance Jackson's sentence regarding the crime to which he did plead guilty. Before accepting Jackson's guilty plea, the trial judge informed him of his rights, the elements of the crime with which he was charged, and the possible penalties for conviction of first–offense, second–offense, and third–offense shoplifting. After a factual basis was presented for the present shoplifting charge, the judge accepted Jackson's plea, adjudged him guilty, and continued the matter for an enhancement hearing and sentencing hearing to be held at a later time.

At the enhancement hearing, the State offered two exhibits. These exhibits were certified copies of the transcripts of

proceedings from two of Jackson's prior shoplifting convictions. Jackson's counsel objected to both exhibits, arguing that although they showed Jackson waived his right to counsel, they did not show he made a *knowing, intelligent*, and *voluntary* waiver of counsel in the prior proceedings.

The first page of both of the exhibits is a checklist setting forth the record of the prior proceedings. A box preceding the words "Defense Counsel" was left blank on both of the exhibits, and the line following the words "Defense Counsel" is blank as well. On exhibit 1, under a section entitled "Arraignment and Advisement," there is a check in a box next to the following: "Defendant advised of the nature of the above charges, all possible penalties, and each of the following rights: Trial; Jury Trial; Confront Accusers; Subpoena Witnesses; Remain Silent; Counsel; Request Transfer to Juvenile Court; Defendant's Presumption of Innocence; State's Burden of Proof Beyond Reasonable Doubt." Exhibit 2 shows the advisement of these rights was identical, except the language regarding a request for transfer to juvenile court, defendant's presumption of innocence, and the State's burden of proof beyond a reasonable doubt was stricken.

Underneath the advisement-of-rights box on each exhibit is a box next to a line reading "Defendant waived each of the above and foregoing rights." These boxes appear to have been checked on both exhibits, although exhibit 2 is less clear in that regard.

Beneath the boxes and lines concerning defendant's waivers are lines indicating that the pleas were entered knowingly, intelligently, and voluntarily. The box next to this line was checked on exhibit 1, but not on exhibit 2. Both exhibits also disclose that Jackson was sentenced to pay fines as his punishment in each case. The judge in the present case overruled Jackson's objections to the exhibits, and Jackson was subsequently sentenced for third-offense shoplifting, a Class IV felony. See § 28–518. Jackson was sentenced to a term of incarceration of not less than 18 nor more than 24 months.

### III. ASSIGNMENTS OF ERROR

Jackson contends that the district court committed two errors. First, he alleges the court erred in enhancing his shoplifting

offense to a third offense by admitting exhibits 1 and 2 over his objection. Second, he alleges the court erred in imposing an excessive sentence.

## IV. STANDARD OF REVIEW

Regarding matters of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *State v. Roche, Inc.*, 246 Neb. 568, 520 N.W.2d 539 (1994).

A sentence within statutory limits will not be disturbed upon appeal absent a showing of an abuse of discretion. *State v. Juarez*, 3 Neb. App. 398, 528 N.W.2d 344 (1995).

## V. ANALYSIS

### 1. PRIOR CONVICTIONS USED TO ENHANCE

Jackson alleges that the district court was in error when it enhanced the shoplifting charge to third offense. Specifically, he objects to the prior convictions offered for purposes of enhancement, contending that they do not show he knowingly, intelligently, and voluntarily waived his right to counsel.

▪ Nebraska appellate courts have long recognized the right of criminal defendants to challenge the use of constitutionally invalid convictions when offered for sentence enhancement. *State v. Wiltshire*, 241 Neb. 817, 491 N.W.2d 324 (1992); *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983) (following *Burgett v. Texas*, 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967), and *Baldasar v. Illinois*, 446 U.S. 222, 100 S. Ct. 1585, 64 L. Ed. 2d 169 (1980)).

▪ The Nebraska Supreme Court has recognized that a prior conviction, based on a defendant's plea of guilty, but obtained in violation of the defendant's right to counsel, is unconstitutional and void and, therefore, cannot be used to enhance the sentence the defendant receives for a subsequent conviction. *State v. Reimers*, 242 Neb. 704, 496 N.W.2d 518 (1993). Consequently, the Supreme Court has held that in an enhancement proceeding, if the record of a defendant's prior conviction, based on the defendant's guilty plea, does not affirmatively demonstrate that the defendant was represented by counsel, or that the defendant knowingly, voluntarily, and

intelligently waived that right, the burden is on the State to prove the constitutional validity of the defendant's prior plea–based conviction in relation to the defendant's right to counsel. *Id.* The State must prove the constitutional validity of the prior conviction before the State may use the prior conviction for an enhanced penalty. *Id.*

■ In *State v. Austin*, 219 Neb. 420, 363 N.W.2d 397 (1985), the Supreme Court was presented with a case on direct appeal wherein the defendant challenged his conviction because the record demonstrated that he was not afforded an opportunity to have counsel appointed and the record did not demonstrate that he knowingly and intelligently waived counsel. The court upheld Austin's conviction despite the lack of counsel, because he was not imprisoned for any period of time, but, rather, was fined. The *Austin* court, following the U.S. Supreme Court decision in *Scott v. Illinois*, 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d 383 (1979), noted that in this regard, the 6th and 14th Amendments to the U.S. Constitution require only that no indigent criminal defendant be sentenced to a period of imprisonment without being afforded the assistance of counsel. As a result, because the defendant in *Austin* was fined, rather than imprisoned, his conviction was deemed valid despite the fact that the record failed to demonstrate that he was afforded his right to counsel. See, also, *State v. Dean*, 2 Neb. App. 396, 510 N.W.2d 87 (1993).

■ The U.S. Supreme Court was recently presented with a situation similar to the present case. See *Nichols v. United States*, 511 U.S. 738, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994). The Court in *Nichols* discussed whether a prior uncounseled misdemeanor conviction could be used to enhance a subsequent misdemeanor conviction when the result of enhancement was that the subsequent misdemeanor was enhanced to a felony offense. The Court reviewed its holding in *Scott v. Illinois, supra,* and noted that "where no sentence of imprisonment [is] imposed, a defendant charged with a misdemeanor [has] no constitutional right to counsel." *Nichols v. United States*, 511 U.S. at 743. The *Nichols* Court recognized that 1 year after its decision in *Scott*, a majority of the Court, in *Baldasar v. Illinois*, 446 U.S. 222, 100 S. Ct. 1585, 64 L.

Ed. 2d 169 (1980), held that a prior uncounseled misdemeanor conviction, although constitutional under *Scott*, could nevertheless not be used to convert a second misdemeanor conviction into a felony. In *Nichols*, the Court expressly overruled *Baldasar* and held that "consistent with the Sixth and Fourteenth Amendments of the Constitution . . . an uncounseled misdemeanor conviction, valid under *Scott* because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." *Nichols v. United States*, 511 U.S. at 748–49.

The Nebraska Supreme Court has previously followed the U.S. Supreme Court teachings of *Scott v. Illinois, supra*. See *State v. Austin, supra*. In the court's recent decision in *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995), the court declined to follow the proposition from *Nichols v. U.S., supra*, and *Custis v. United States*, 511 U.S. 485, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994), that *separate proceedings are no longer constitutionally mandated to challenge prior convictions* used for enhancement purposes. The *LeGrand* court did not indicate, however, that it would not follow *Nichols* with regard to the *constitutional validity of prior uncounseled misdemeanor convictions* used for enhancement purposes.

In the present case, Jackson was not imprisoned for the prior convictions, but, rather, received only fines. Because he was not sentenced to terms of imprisonment, his prior uncounseled convictions were constitutionally valid. See, *State v. Austin, supra*; *State v. Dean, supra*. Because the record demonstrates that his prior convictions were constitutionally valid, despite the fact that the record fails to establish he knowingly, intelligently, and voluntarily waived his right to counsel, the prior convictions were properly used to enhance his subsequent conviction. This assigned error is without merit.

## 2. EXCESSIVE SENTENCE

Jackson alleges that the district court imposed an excessive sentence in sentencing him to a term of incarceration of 18 to 24 months. Third–offense shoplifting is a Class IV felony, and the Nebraska statutes provide that the maximum sentence for a Class IV felony is 5 years' imprisonment, a $10,000 fine, or both. See Neb. Rev. Stat. § 28–105 (Reissue 1989).

■ The law is very clear in Nebraska that "[a] sentence within statutory limits will not be disturbed upon appeal absent an abuse of discretion." *State v. Juarez*, 3 Neb. App. 398, 407, 528 N.W.2d 344, 350 (1995). In other words, "a sentence within the statutory limits will not be modified as excessive unless the trial court's reasons or rulings are clearly untenable and unfairly deprive the defendant of a substantial right and a just result." *Id.*

One of the factors to be considered by a sentencing judge is the defendant's past criminal record. See, *State v. Lowe*, 244 Neb. 173, 505 N.W.2d 662 (1993); *State v. Sanchez*, 2 Neb. App. 1008, 520 N.W.2d 33 (1994). The criminal history portion of the presentence investigation report prepared in this case is over two pages long. Jackson was convicted of weapons charges in the State of New York in both 1981 and 1982. Jackson received probation for one weapons charge and 2 to 4 years' incarceration for the other. Jackson has three prior convictions for shoplifting, two of which were the convictions used for enhancement in the present case. Jackson did serve jail time for a second-offense shoplifting conviction in 1993. Jackson has also been convicted of numerous traffic offenses, including several counts of driving while under suspension for which he has previously been incarcerated.

The record in the present case indicates that Jackson had been convicted of shoplifting at least twice before this conviction. At the enhancement proceeding, Jackson's counsel argued that Jackson has a problem with drugs. Although it does not appear that Jackson's drug problem has ever directly resulted in criminal charges, his counsel argued that the present shoplifting incident was precipitated by the drug problem. The probation officer who completed Jackson's presentence investigation report indicated that Jackson would not be a very successful candidate for probation and that Jackson would benefit from a more structured and intensive form of supervision. The sentencing judge found that a sentence other than incarceration would depreciate the seriousness of the offense. The sentence ordered is well within the statutory limits, and we see no abuse of discretion by the trial court. This assigned error is also without merit.

## VI. CONCLUSION

Having found that the court correctly enhanced the punishment to that for third–offense shoplifting and imposed a sentence that was not excessive, we affirm the conviction and sentence.

AFFIRMED.