**UNITED STATES of America,**

v.

**Timothy S. WILSON, Defendant.**

**United States of America**

v.

**Thomas W. Foreman, Defendant.**

**United States of America,**

v.

**Jesse B. Pollard, Defendant.**

**Nos. CRIM.A.03–120, CRIM.A.03–121, CRIM.A.03–122.**

United States District Court, E.D. Virginia, Alexandria Division.

Sept. 5, 2003.

Scott Stein, Esquire, Assistant United States Attorney, United States Attorney's Office, Alexandria, VA, for Plaintiff.

Michael William Lieberman, Esquire, Office of the Federal Public Defender, Alexandria, VA, for Defendant.

### AMENDED MEMORANDUM ORDER

LEE, District Judge.

THIS MATTER is before the Court on the consolidated appeals of the three defendants, Timothy S. Wilson, Thomas W. Foreman, and Jesse B. Pollard. Defendants appeal the decisions of Magistrate Judges Buchanan, Poretz and Jones denying their respective motions to dismiss the notices of probation violations and to vacate their sentences of probation. This appeal presents two issues before the Court. The first issue is whether, in light of *Alabama v. Shelton*, 535 U.S. 654, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002), a court may sentence an uncounseled defendant to a term of probation absent a valid waiver of counsel. The Court affirms the magistrate judges on this issue because a court may sentence an uncounseled defendant who has not waived his right to counsel to probation without violating the rule in *Shelton* because the sentence of probation under the United States Sentencing Guidelines Manual (the "Sentencing Guidelines") is not a suspension of a predetermined, otherwise applicable, sentence of imprisonment, but rather an independent sentence that does not involve the imposition of any term of incarceration. The second issue on appeal is whether 18 U.S.C. § 3565(b), mandating revocation of probation and imposition of a term of imprisonment for certain probation violations, requires that all defendants facing probation have counsel under the "actual imprisonment" standards articulated in *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), and *Scott v. State of Illinois*,

440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). Although 18 U.S.C. § 3565(b) mandates the revocation of probation under certain probation violations, a court has several options after the revocation of probation that do not include imprisonment, and *Shelton* merely withdraws imprisonment as a constitutionally permissible punishment for the violation of the terms of probation. However, the Court limits its holding to the facts of these cases. The Court exercises judicial restraint and does not reach issues that are beyond the core of the matter.

## I. BACKGROUND

On March 15, 2002, Defendant Timothy Wilson, appearing *pro se* before Magistrate Judge Theresa Carroll Buchanan, pled guilty to one count of driving while intoxicated ("DWI") in violation of 32 C.F.R. § 234.17(b)(1)(ii). Judge Buchanan sentenced Wilson to one year of probation, imposed a $500 fine and a $10 special assessment.

On December 6, 2002, Wilson tested positive for cocaine use in violation of the terms and conditions of his probation. After an arrest warrant issued, on January 17, 2003, Wilson, through court-appointed counsel, moved the court to dismiss the violation petition and to vacate the sentence of probation pursuant to *Shelton.* At the January 28, 2003 hearing, Wilson raised an additional question as to whether the mandatory revocation provisions of 18 U.S.C. § 3565(b) required appointment of counsel at the time of the sentencing for the underlying offense. By a written order and memorandum opinion dated March 13, 2003, the court denied Wilson's motion to dismiss the probation violation petition and to vacate probation and ordered Wilson's probation terminated as unsuccessful, requiring Wilson to pay a $250 fine. Judge Buchanan concluded that while *Shelton* and the "actual imprisonment" standard precluded the imposition of a sentence of incarceration in response to the probation violation, the court could effectively sanction the violation using other available sentences without rendering the statute or the proceedings constitutionally infirm. Wilson filed a notice of appeal on March 13, 2003.

On June 16, 2002, Defendant Thomas W. Foreman was arrested and charged with driving under the influence of alcohol ("DUI") in violation of 32 C.F.R. § 234.11(c). Foreman appeared *pro se* before Magistrate Judge Barry R. Poretz on August 16, 2002, and, without waiving his right to counsel, pled guilty to DUI. Foreman received a sentence of one year supervised probation with driving restrictions and special conditions relating to alcohol treatment, a $200 fine and a special assessment.

During his probationary period, Foreman was arrested and convicted in the Fairfax County Traffic Court for DWI. On November 14, 2002, the court issued a summons for Foreman to appear before Judge Poretz. By written order issued on January 29, 2003, Judge Poretz denied Foreman's motion to dismiss the probation violation petition and to vacate probation and continued Foreman's probation for an additional year, with special conditions restricting Foreman's use of a motor vehicle and requiring him to attend a substance abuse program as directed by the probation office. Foreman filed a notice of appeal on February 5, 2003.

On May 5, 2002, Defendant Jesse B. Pollard was arrested and charged with DWI, DUI, and reckless driving in violation of 18 U.S.C. § 13. On September 9, 2002, Pollard, appearing *pro se* before Magistrate Judge Thomas Rawles Jones, Jr., pled guilty to DUI. Judge Jones sentenced Pollard to one year of supervised probation with driving restrictions and special conditions relating to alcohol and

substance abuse testing and treatment. Judge Jones also ordered Pollard to pay a $250 fine and a special assessment. Pollard was not represented by counsel, nor did he waive his right to counsel at any time during the proceedings.

On September 20, 2002, Pollard was involved in a single-car accident, and he was arrested on state charges of DUI and other offenses. After issuing a warrant for his arrest, the federal court appointed counsel for Pollard and held a probation violation hearing on January 21, 2003. Pollard moved to dismiss the probation violation and to vacate the underlying sentence of probation arguing that his probation sentence violated the Sixth Amendment under *Shelton*. The court denied the motion by written order of January 28, 2003, and continued Pollard's probation, amending the conditions to permit payment of the fine in full by the end of the probationary period. Pollard filed a notice of appeal on February 5, 2003.

## II. DISCUSSION

### A. Standard of Review

 Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), a defendant may appeal a magistrate judge's judgment to a district judge. "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed.R.Crim.P. 58(g)(2)(D). Because the issue presented on appeal is purely a question of law, the magistrate judges' decisions are to be reviewed *de novo*. *United States v. Smith*, 115 F.3d 241, 244 (4th Cir.1997).

### B. Analysis

On appeal from the various magistrate judges' decisions, the Appellants contend that their sentences to probation should be vacated because they were not provided the assistance of counsel in accordance with *Shelton* and because a sentence of probation is the equivalent of a suspended sentence of incarceration. For the reasons stated below, the Court affirms the magistrate judges' decisions.

Appellants contend that the crux of the matter is that the critical moment in determining whether the Sixth Amendment right to counsel attaches is when sentence is imposed: it is the imposition of a sentence that renders a defendant vulnerable to imprisonment that invokes the right to counsel. Appellants argue that a defendant sentenced to probation is required to follow certain conditions, and that violation of those conditions renders the defendant vulnerable to imprisonment. Thus, a sentence of probation requires that the defendant be afforded counsel in the underlying conviction and that any subsequent sentence to probation imposed on an uncounseled defendant is constitutionally infirm and should be vacated.

In *Argersinger v. Hamlin*, 407 U.S. 25, 33, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the Court held that counsel must be appointed in any case "that actually leads to imprisonment even for a brief period." In *Scott v. Illinois*, 440 U.S. 367, 373–74, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), the Court held that counsel need not be appointed where a defendant is merely fined for an offense but is not sentenced to jail, even when the offense authorizes incarceration as a punishment.

The issue before the Court in *Shelton* was whether the Sixth Amendment right to appointed counsel applies to a defendant who was sentenced to a jail term, which was suspended, placing the defendant on probation. 535 U.S. at 657, 122 S.Ct. 1764. After appearing *pro se* at a bench trial for a misdemeanor, Shelton was convicted of third-degree assault. The trial court sentenced Shelton to thirty days in the county prison; however, the court suspended the jail sentence and placed Shelton on two

years unsupervised probation conditioned on his payment of court costs, a $500 fine, reparations of $25 and restitution in the amount of $516.69. Shelton appealed his conviction on Sixth Amendment grounds. Subsequently, the Supreme Court of Alabama concluded that a defendant may not be sentenced to a term of imprisonment absent provision of counsel. *Id.* at 659, 122 S.Ct. 1764. The Alabama Court held that a defendant who receives a suspended or probated sentence to imprisonment has a constitutional right to counsel. *Id.* at 674, 122 S.Ct. 1764.

The United States Supreme Court held that "a suspended sentence that may end up in the actual deprivation of a person's liberty may not be imposed unless the defendant was accorded the guiding hand of counsel in the prosecution for the crime charged." *Id.* at 658, 122 S.Ct. 1764 (internal quotations and citations omitted). The Court reasoned that "a suspended sentence is a prison term imposed for the offense of conviction. Once the prison term is triggered, the defendant is incarcerated not for the probation violation, but for the underlying offense. The uncounseled conviction at that point results in imprisonment." *Id.* at 662, 122 S.Ct. 1764. Appellants contend that their situation is similar to Shelton's because they were sentenced to probation which may result in incarceration upon violation of any of the conditions of probation. Appellants proffer that the Supreme Court has recognized that, like a suspended jail sentence, any sentence imposed after revocation of probation is a sentence for the original conviction. *See Johnson v. United States,* 529 U.S. 694, 701, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000). The Appellants' arguments, however, are misplaced.

Probation, as used under the Sentencing Guidelines, is not a suspended sentence, but an independent sentence. The Sentencing Reform Act of 1984 abolished sus- pended sentences within the federal court system and established probation as an independent sentence. *See United States v. Granderson,* 511 U.S. 39, 43 n. 3, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994). Therefore, the imposition of probation under the federal system does not equate to the imposition of a sentence of imprisonment and suspension of that sentence: probation does not involve the imposition of any term of incarceration. As such, the limited holding in *Shelton* does not affect the sentence of probation as used in the federal system. *See Shelton,* 535 U.S. at 674, 122 S.Ct. 1764 ("We confine our review to the ruling the Alabama Supreme Court made in the case as presented to it: [A] defendant who receives a suspended or probated sentence *to imprisonment* has a constitutional right to counsel.") (emphasis in original). A recent Fifth Circuit case is instructive on the issue before the Court.

In *United States v. Perez–Macias,* 335 F.3d 421 (5th Cir.2003), the defendant appealed his conviction and sentence, arguing that under *Shelton* his prior uncounselled misdemeanor conviction for illegal entry under 8 U.S.C. § 1325(a), for which he received a probated sentence, violated his Sixth Amendment right to counsel and could not be used for the instant felony conviction for illegal entry under § 1325(a). Addressing the difference between a sentence to probation and a suspended sentence, the Fifth Circuit concluded that "[a] defendant who receives a suspended sentence is given a term of imprisonment, while a defendant who receives a stand-alone sentence of probation is not." *Perez–Macias,* at 427–285. *See also, United States v. Bahe,* 201 F.3d 1124, 1130 (9th Cir.2000) (distinguishing probation from supervised release); U.S.S.G. ch. 5, pt. B, introductory cmt. (2002) (explaining use of probation as an alternative to imprisonment). The Fifth Circuit opined that the logic of *Shelton* did not compel

extension of the right to counsel to cases where the defendant received a sentence of probation "uncoupled with a suspended sentence" (as was the case in *Shelton* ). *Id.* The Fifth Circuit went on to explain, however, that a defendant could theoretically receive a prison term upon revocation of his probation, and that "the actual imposition of a term of imprisonment upon probation revocation may pose a Sixth Amendment problem." *Id.*

■ The situation presently before the Court is similar to that in *Perez–Macias* since the Appellants were all initially sentenced to probation. Furthermore, upon their subsequent probations violations, the various magistrate judges either extended the probationary periods with amended conditions or vacated the probation sentence and fined the defendant. Judge Buchanan ordered Wilson's probation terminated as unsuccessful and required Wilson to pay a $250 fine. Judge Poretz continued Foreman's probation for one additional year, with special conditions restricting Foreman's use of a motor vehicle, and required Foreman to attend a substance abuse program as directed by the probation officer. Judge Jones continued Pollard's probation and amended the probation conditions, requiring payment of the fine in full by the end of the probationary period. The Court finds these situations similar to that in *Perez–Macias*. Finding the Fifth Circuit's analysis persuasive in *Perez–Macias* and in the absence of any relevant precedent within the Fourth Circuit, the Court holds that the United States Supreme Court's decision in *Shelton* does not compel the extension of the right to counsel to cases where the defendant received a sentence of probation, as used in the Sentencing Guidelines, uncoupled with a suspended sentence. The Court, therefore, affirms the various magistrate judges' decisions on this issue.

■ As previously stated, the second issue before the Court is whether the mandatory revocations provisions of 18 U.S.C. § 3565(b) create a need for counsel at the time of the original imposition of a sentence of probation to ensure that the court can follow the mandates of the statute if a defendant later violates his terms of release by possessing or using illegal drugs. Appellants contend that Wilson's sentence should be vacated because he was not afforded an attorney when he was initially sentenced to probation. Appellants maintain that Wilson's sentence of probation rendered him vulnerable to imprisonment, in light of the fact that he came before the court on a probation violation which mandated a term of imprisonment. Although Wilson's situation fell under the mandatory revocation provision of 18 U.S.C. § 3565(b) because he tested positive for cocaine use; however, Judge Buchanan recognized the Sixth Amendment issue in following the mandates of section 3565(b) and, instead, termed Wilson's probation as unsuccessful and fined him. In this instance, Wilson's probation violation rendered him vulnerable to imprisonment; however, Judge Buchanan construed the statute to avoid constitutional problems and to abide by the mandates set forth in *Shelton.* "[W]here an otherwise acceptable construction of a statute would raise serious constitutional problems, [courts] will construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress." *Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers,* 531 U.S. 159, 173, 121 S.Ct. 675, 148 L.Ed.2d 576 (2001). Following the Supreme Court's reasoning in *Shelton* and the canon of statutory construction to avoid constitutional problems, the Court holds that the court had several options after the revocation of probation that did not include imprisonment and that *Shelton* merely withdrew imprisonment as

a constitutionally permissible punishment for the violation of the terms of probation. The Court's holding is limited to the facts presented on appeal.

## III. CONCLUSION

The Court affirms the magistrate judges' decisions because a sentence of probation, in the federal system, is not a suspension of a sentence of incarceration coupled with probation, but rather an independent sentence that does not involve the imposition of any term of incarceration. Furthermore, *Shelton* merely withdraws imprisonment as a constitutionally permissible punishment for the violation of the terms of probation where the defendant was uncounseled at the initial sentencing of probation. It is hereby

ORDERED that Magistrate Judge Buchanan's Order denying Appellant Timothy Wilson's Motion to Dismiss Violation Petition and to Vacate Sentence of Probation is AFFIRMED. It is further

ORDERED that Magistrate Judge Poretz's Order denying Appellant Thomas Wayne Foreman's Motion to Dismiss Violation Petition and to Vacate Sentence of Probation is AFFIRMED. It is further

ORDERED that Magistrate Judge Jones' Order denying Appellant Jesse Pollard's Motion to Dismiss Violation Petition and to Vacate Sentence of Probation is AFFIRMED.

The Clerk is directed to forward a copy of this Order to counsel.