17 Neb.App. 846
STATE OF NEBRASKA, APPELLEE,
v.
PHOEBE WILSON, APPELLANT.
No. A-08-1337.
Court of Appeals of Nebraska.
Filed August 18, 2009.
Korey L. Reiman, of Reiman Law Firm, P.C., L.L.O., for appellant.
Jon Bruning, Attorney General, and Nathan A. Liss for appellee.
IRWIN, SIEVERS, and CASSEL, Judges.
SIEVERS, Judge.
Phoebe Wilson pled guilty in the county court for Lancaster County to second-offense driving under the influence (DUI) with an alcohol concentration of over .15 of 1 gram per 210 liters of her breath and was sentenced to 100 days in jail and ordered to pay a $100 fine. Wilson appealed to the district court for Lancaster County, which affirmed the order of the county court. Wilson timely appealed to this court. The appeal presents the issue of a misdemeanant's right to counsel when the sentence imposed is probation, although the conviction would allow for imprisonment, in connection with the use of such a prior conviction for sentence enhancement purposes upon a later conviction.

FACTUAL AND PROCEDURAL BACKGROUND
Wilson was stopped by law enforcement on November 16, 2007, because of a motor vehicle accident and cited for negligent driving. At the time, her breath alcohol content was .215 grams per 210 liters of her breath. Wilson was charged by complaint with second-offense DUI more than .15, under Neb. Rev. Stat. § 60-6,196 (Reissue 2004), which is a Class I misdemeanor under Neb. Rev. Stat. § 60-6,197.03(5) (Supp. 2007).
On April 10, 2008, the county court received Wilson's guilty plea to second-offense DUI more than .15 breath alcohol content, finding beyond a reasonable doubt that Wilson was acting voluntarily, understood the nature of the charge, and knowingly and freely waived her constitutional rights. On July 11, the county court filed its order. The county court found that Wilson's prior conviction for DUI more than .15 breath alcohol content in 2003 was valid for sentence enhancement. Wilson was sentenced to 100 days' imprisonment, she was ordered to pay a $100 fine, and her driver's license was suspended for 3 years.
Wilson appealed the order of the county court to the district court for Lancaster County on July 14, 2008. The district court held a hearing on November 6, at which it received as evidence the bill of exceptions from the county court proceedings, including the record of Wilson's 2003 DUI conviction. In its order filed December 10, the district court affirmed the order of the county court. The district court found that the county court did not err in finding the 2003 DUI conviction was a valid prior offense to enhance the current DUI to a second offense. In deciding such, the district court relied on State v. Jackson, 4 Neb. App. 413, 544 N.W.2d 379 (1996), in which we held that a prior uncounseled misdemeanor conviction could be used to enhance a subsequent misdemeanor conviction to a felony offense. Wilson timely appealed the district court's order. Additional facts will be discussed in the analysis section below as necessary.

ASSIGNMENTS OF ERROR
Wilson assigns, restated, that the district court erred in (1) finding a prior uncounseled and constitutionally inadequate sentencing proceeding could be used to enhance a subsequent DUI based upon the finding that Wilson was not incarcerated on the prior offense and (2) not finding the prior offense to be clearly inadequate for enhancement because a valid waiver of counsel did not occur.

STANDARD OF REVIEW
[1] Upon appeal from a county court in a criminal case, a district court acts as an intermediate appellate court, rather than as a trial court, and its review is limited to an examination of the county court record for error or abuse of discretion. Both a district court and a higher appellate court generally review appeals from a county court for error appearing on the record. State v. Brown, 14 Neb. App. 508, 710 N.W.2d 337 (2006).
[2] A sentencing court's determination concerning the constitutional validity of a prior plea-based conviction, used for enhancement of a penalty for a subsequent conviction, will be upheld on appeal unless the sentencing court's determination is clearly erroneous. State v. Reimers, 242 Neb. 704, 496 N.W.2d 518 (1993).
[3] When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. State v. Louthan, 257 Neb. 174, 595 N.W.2d 917 (1999).

ANALYSIS
Wilson's two assignments of error relate to whether her prior offense, a DUI conviction more than .15 breath alcohol content in 2003, was a valid prior offense for the purpose of sentence enhancement for the current offense. The resolution of this issue is determined by whether Wilson had a right to counsel at that time. Because we ultimately determine that she did not have a right to counsel at the time of the 2003 conviction, we need not discuss the issue of whether the evidence shows that Wilson validly waived counsel at the time of the 2003 conviction. See Kelly v. Kelly, 246 Neb. 55, 516 N.W.2d 612 (1994) (appellate court need not address issues unnecessary to its decision). Therefore, we turn to the right to counsel where, as here, the conviction was a misdemeanor resulting in a sentence of probation.
[4, 5] The State has the burden to prove the constitutional validity of the defendant's prior plea-based conviction in relation to the defendant's right to counsel before the State may use the prior plea-based conviction for an enhanced penalty. Reimers, supra. If the State fails to show the constitutional validity of the prior conviction and such conviction is based on a defendant's plea of guilty but obtained in violation of the defendant's right to counsel, then such conviction is unconstitutional and void and, consequently, cannot be used to enhance the sentence for the defendant's subsequent conviction. See id. Conversely, if the constitutional validity of the prior offense is shown, the prior conviction can be used for sentence enhancement.
[6] However, we have held that the State is not required to show that the defendant had counsel or waived counsel, with regard to a prior misdemeanor conviction, in order to use that prior conviction for sentence enhancement if, as a result of that prior conviction, the defendant was ordered only to pay a fine. See State v. Jackson, 4 Neb. App. 413, 544 N.W.2d 379 (1996). This proposition is based on Argersinger v. Hamlin, 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972), and Scott v. Illinois, 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d 383 (1979). In Argersinger, supra, the U.S. Supreme Court held that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial. In Scott, supra, the U.S. Supreme Court affirmed a defendant's uncounseled misdemeanor conviction for which no imprisonment had been imposed, finding no violation of the defendant's Sixth Amendment right to counsel because the right to counsel only applies where the defendant is sentenced to imprisonment, not merely where imprisonment is an authorized penalty. The Court specifically stated, "[T]he central premise of Argersingerthat actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonmentis eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel." Scott, 440 U.S. at 373. Nichols v. United States, 511 U.S. 738, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994), extended these principles to the use of a prior misdemeanor conviction for use in an enhancement proceeding. Nichols held that an uncounseled misdemeanor conviction, valid under Scott because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction. The Nebraska Supreme Court, following Argersinger, Scott, and Nichols, has held that a misdemeanor conviction is valid, even when the State does not demonstrate that the defendant was afforded the opportunity to have appointed counsel or that the defendant waived counsel, when the defendant is fined rather than imprisoned as a result of the conviction. See State v. Austin, 219 Neb. 420, 363 N.W.2d 397 (1985). See, also, Jackson, supra. In State v. Dean, 2 Neb. App. 396, 510 N.W.2d 87 (1993), we held that a non-felony criminal defendant, penalized only by a fine even though the penalty could have included imprisonment, is not entitled to be advised of his right to obtain private counsel or obtain a waiver of counsel before trial. We summarized and explained in Dean as follows:
The U.S. Supreme Court discussed in Argersinger v. Hamlin, 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972), the circumstances under which counsel was constitutionally required to represent criminal defendants. After a conflict developed among state and lower federal courts regarding application of Argersinger to misdemeanor cases, the Court granted certiorari to an Illinois case. See People v. Scott, 68 Ill. 2d 269, 369 N.E.2d 881 (1977), cert. granted 436 U.S. 925, 98 S. Ct. 2817, 56 L. Ed. 2d 767 (1978). In Scott v. Illinois, 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d 383 (1979), the Court affirmed the Illinois Supreme Court's judgment and held that "the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." 440 U.S. at 373-74. This holding has been specifically applied in Nebraska. State v. Austin, 219 Neb. 420, 363 N.W.2d 397 (1985). See, also, State v. Porter, 235 Neb. 476, 455 N.W.2d 787 (1990) (holding that a defendant's unrepresented prior conviction for giving false information resulting in a fine of $25 was valid and could therefore be used to impeach the defendant's credibility in a subsequent proceeding). Elsewhere, it has been succinctly observed that "Argersinger forbids imprisonment without representation. It does not forbid trial without representation." Sweeten v. Sneddon, 463 F.2d 713, 716 (10th Cir. 1972).
2 Neb. App. at 397-98, 510 N.W.2d at 89.
In this case, the possible penalty for Wilson's first offense DUI misdemeanor in 2003 was a $500 fine and 7 to 60 days' imprisonment. See Omaha Mun. Code, ch. 36, art. III, § 36-115(a) (2001). However, although imprisonment was a possible sentence when Wilson pled guilty to DUI in 2003, she was not sentenced to imprisonment, either to be served immediately or suspended. She was fined and sentenced to and successfully released from probation. Wilson was not actually incarcerated at any time for the 2003 DUI offense. The question presented, therefore, is whether the fact that Wilson was sentenced to probation, albeit without any prison sentence, gives her a right to counselwhich she clearly would not have had under the above authority had she just been finedand thereby prevents the use of the 2003 uncounseled conviction for sentence enhancement.
Wilson argues that Alabama v. Shelton, 535 U.S. 654, 122 S. Ct. 1764, 152 L. Ed. 2d 888 (2002), applies and prevents the use of the 2003 conviction for enhancement purposes. In Shelton, the U.S. Supreme Court held that the Sixth Amendment right to appointed counsel applies to a defendant who receives a suspended sentence. Wilson argues that her sentence of probation, like a suspended sentence or a sentence of imprisonment, requires that the State show that the Sixth Amendment right to counsel was satisfied for the prior conviction to be used for sentence enhancement. In Shelton, the defendant appeared pro se and was convicted of misdemeanor assault. The defendant was sentenced to 30 days in prison, which the court suspended, and he was placed on probation for 2 years. The defendant was also ordered to pay a $500 fine and reparations and restitution. The U.S. Supreme Court held that "a suspended sentence that may `end up in the actual deprivation of a person's liberty' may not be imposed unless the defendant was accorded the `guiding hand of counsel' in the prosecution of the crime charged." Shelton, 535 U.S. at 658. The Court reasoned that "a suspended sentence is a prison term imposed for the offense of conviction. Once the prison term is triggered, the defendant is incarcerated not for the probation violation, but for the underlying offense. The uncounseled conviction at that point `result[s] in imprisonment'. . . ." 535 U.S. at 662.
The Court in Shelton limited its review, however, to "`[a] defendant who receives a suspended or probated sentence to imprisonment has a constitutional right to counsel'" and declined to address the State of Alabama's argument that the probation sentence, if uncoupled from the suspended jail sentence, would be valid even if the defendant did not have counsel or effectively waived counsel because a freestanding probation sentence could be enforced in a contempt hearing, rather than with imprisonment. 535 U.S. at 674 (emphasis in original). Consequently, Shelton does not provide a definitive answer to the issue presented in this appeal.
Some federal courts have addressed Shelton and declined to extend its holding to prior misdemeanor convictions that resulted in stand alone probation rather than a suspended jail sentence. In U.S. v. Wilson, 281 F. Supp. 2d 827 (E.D. Va. 2003), three defendants had each been sentenced to probation for alcohol-related driving offenses and each challenged the validity of those prior convictions absent a waiver of counsel under Shelton, supra, arguing that probation is the equivalent of a suspended sentence. The court disagreed, finding that probation is an independent sentence and not a suspended sentence because probation does not involve the imposition of any term of incarceration. In U.S. v. Pollard, 389 F.3d 101 (4th Cir. 2004), the Fourth Circuit Court of Appeals affirmed the district court's ruling in an appeal of one of the defendants in Wilson, supra. The court rejected the defendant's argument in Pollard that Alabama v. Shelton, 535 U.S. 654, 122 S. Ct. 1764, 152 L. Ed. 2d 888 (2002), should be read broadly to hold that the right to counsel attaches whenever a defendant would be vulnerable to imprisonment as a result of a sentence. The court in Pollard noted some general similarities between a suspended sentence and stand alone probation, but found that such a broad reading of Shelton would imply that the U.S. Supreme Court had abandoned the principles set forth in Scott v. Illinois, 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d 383 (1979). The court further explained that any penalty, including a fine, ensures the defendant is "subject to conditions that render him vulnerable to imprisonment should he disobey those conditions," Pollard, 389 F.3d at 105, and that adopting such a broad rule requires ignoring Scott, in which the U.S. Supreme Court held that the mere threat of imprisonment is insufficient to trigger the right to counsel. The court in Pollard also noted that Shelton expressly reserved the question of whether uncounseled defendants may receive stand alone sentences of probation, and as such, Shelton did not directly apply.
In U.S. v. Perez-Macias, 335 F.3d 421 (5th Cir. 2003), the court specifically addressed the use of uncounseled prior convictions that resulted in a sentence of probation in a subsequent enhancement proceeding. The court followed the rule that imprisonment is the line defining the constitutional right to appointment of counsel, and a defendant who receives a suspended sentence is given a term of imprisonment, while a defendant who received a stand alone sentence of probation is not. The defendant had been convicted of the misdemeanor offense of illegal entry into the United States, appeared pro se, and was sentenced to 3 years of unsupervised probation and a $10 special assessment. The Fifth Circuit Court of Appeals held that Shelton followed the rule set out in Argersinger v. Hamlin, 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972), and Scott, supra, that actual imprisonment is the standard for right to counsel and found a suspended sentence was conceptually different from probation because the defendant actually receives a sentence of imprisonment with a suspended sentence but does not with probation. The court went on to explain that there may be Sixth Amendment concerns if actual imposition of a term of imprisonment occurred due to probation revocation, but that the defendant did not and cannot receive a term of imprisonment for the prior offense; and as such, the prior offense could be used for sentence enhancement.
Wilson points us to several other state cases in her brief. However, we do not find any of these cases persuasive. In State v. Long, 203 P.3d 45, 51 (Kan. App. 2009), the Kansas Court of Appeals found that the defendant's "sentence in each case referred to a 1-year probation, which was more akin to a suspended sentence since the court never imposed jail time. Under Shelton, [the defendant's] misdemeanor convictions and his fines remain valid even though the probation aspect of [the defendant's] sentence is invalid." We do not find Long, supra, persuasive, given that the Kansas Court of Appeals did not delineate why probation was more akin to a suspended sentence than a fine and that it departs from the "prison is the line" concept, laid down by the U.S. Supreme Court in Scott, supra, and Nichols v. United States, 511 U.S. 738, 114 S. Ct. 1921, 128 L. Ed. 2d 745 (1994), which has been adopted by the Nebraska Supreme Court.
Wilson also cites Talley v. State, 371 S.C. 535, 640 S.E.2d 878 (2007), and State v. Von Ferguson, 169 P.3d 423 (Utah 2007). These cases are distinguishable from the present case because the sentence imposed on the prior conviction in each instance was a suspended sentence, not stand alone probation. Wilson also cites State v. Kelly, 999 So. 2d 1029 (Fla. 2008), and State v. Hrycak, 184 N.J. 351, 877 A.2d 1209 (2005). Again, these cases are distinguishable because both the Florida Supreme Court and the New Jersey Supreme Court specifically discuss that their state constitutions or jurisprudence allow for greater protections for indigent defendants in regard to right to counsel than the U.S. Constitution. In Kelly, supra, the Florida Supreme Court held that indigent criminal defendants have a right to appointed counsel for misdemeanor offenses when imprisonment is a possible punishment, rather than just those when the defendant was actually punished with imprisonment under Argersinger, supra, and Scott v. Illinois, 440 U.S. 367, 99 S. Ct. 1158, 59 L. Ed. 2d 383 (1979). In Hrycak, supra, the New Jersey Supreme Court held that despite the holding in Nichols, supra, an uncounseled indigent defendant should not be subjected to a conviction entailing imprisonment in the face of other consequences of magnitude, and therefore, a prior uncounseled DUI conviction of an indigent is not sufficiently reliable to permit increased jail sanctions under the enhancement statute. Nebraska law does not include such additional protections, and therefore, these cases are not instructive to the issues presented here. We recognize, as noted in State v. Lee, 251 Neb. 261, 558 N.W.2d 571 (1997), that states are free to afford their citizens greater due process protection under their state constitutions than is granted by the federal Constitution. But our Supreme Court has followed the Scott and Nichols rule that the line for the right to counsel for misdemeanants is drawn at the jail cell door. See State v. Stott, 255 Neb. 438, 586 N.W.2d 436 (1998). We follow that rule here and, therefore, reject the Florida and New Jersey authority that Wilson argues for.
[7, 8] We find the reasoning of U.S. v. Perez-Macias, 335 F.3d 421 (5th Cir. 2003); U.S. v. Wilson, 281 F. Supp. 2d 827 (E.D. Va. 2003); and U.S. v. Pollard, 389 F.3d 101 (4th Cir. 2004), convincing. These cases all follow the rule articulated in Argersinger v. Hamlin, 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972); Scott, supra; and Nichols, supra, that actual imprisonment triggers the right to counsel and that a sentence of stand alone probation does not require that the defendant had or waived counsel, unlike a suspended sentence as in Alabama v. Shelton, 535 U.S. 654, 122 S. Ct. 1764, 152 L. Ed. 2d 888 (2002). Therefore, we hold that a prior conviction resulting in a sentence of probation, and not actual imprisonment, can be used for enhancement in subsequent proceedings without a showing that the defendant had or waived counsel in the prior proceeding. Because Wilson was sentenced to probation and a fine and no term of imprisonment was actually imposed, Wilson was clearly not entitled to counsel for her misdemeanor conviction for DUI in 2003on constitutional or any other grounds. As such, the State was not required to show that Wilson had counsel or knowingly, intelligently, and voluntarily waived counsel as is normally required for a prior conviction to be used for sentence enhancement. See, State v. Thomas, 262 Neb. 985, 637 N.W.2d 632 (2002); State v. Reimers, 242 Neb. 704, 496 N.W.2d 518 (1993); State v. Jackson, 4 Neb. App. 413, 544 N.W.2d 379 (1996). Therefore, Wilson's first assignment of error lacks merit. We disposed of the lack of waiver assignment at the outset of our analysis.

CONCLUSION
We find that Wilson was not entitled to counsel in the 2003 DUI misdemeanor conviction when she neither was sentenced to prison nor served any prison sentence. Therefore, that prior conviction could properly be used for enhancement purposes, and as a result, we affirm the judgment of the district court, which affirmed the conviction and sentence imposed by the county court.
AFFIRMED.